# EXHIBIT B

**In re Interior Molded Doors Antitrust Litigation**
**State Antitrust Statutes**

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| Arizona<br><br>Ariz. Rev. Stat. Ann. §§ 44-1402, 44-1403 et seq. | Ariz. Rev. Stat. Ann. §§ 44-1402, 44-1403 | Ariz. Rev. Stat. Ann. § 44-1412 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states that enact it. It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."). |
| California<br><br>Cal. Bus. & Prof. Code § 16700 *et seq.* and § 17200 *et seq.* | Cal. Bus. & Prof. Code §§ 16720, 17200 | *Tucker v. Apple Computer, Inc.,* 493 F. Supp. 2d 1090, 1102 (N.D. Cal. 2006) ("The Cartwright Act has identical objectives to the federal antitrust acts, and cases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act."). |
| Hawaii<br><br>Haw. Rev. Stat. §§ 480-2, 480-4, 480-9, *et seq.* | Haw. Rev. Stat. §§ 480-4, 80-9 | Haw. Rev. Stat. § 480-3 ("This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes…."). |
| Kansas<br><br>Kan. Stat. Ann. §§ 50-101, *et seq.* | Kan. Stat. Ann. § 50-112 | Kan. Stat. Ann. § 50-163(b) ("[T]he Kansas restraint of trade act shall be construed in harmony with ruling ·judicial interpretations of federal |

1

**In re Interior Molded Doors Antitrust Litigation**
**State Antitrust Statutes**

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| | | antitrust law by the United States supreme court."). |
| Maine<br><br>Me. Rev. Stat. Ann., tit. 10, §§ 1101 *et seq.* | Me. Rev. Stat. Ann. tit. 10, § 1101 | *McKinnon* v. *Honeywell Int'l Inc.*, 977 A.2d 420, 424 (Me. 2009) ("[W]e look to both state and federal antitrust law for guidance in the interpretation of the Maine antitrust statute…."). |
| Michigan<br><br>Mich. Comp. Laws Ann. §§ 445.771 *et seq.* | Mich. Comp. Laws Ann. §§ 445.772, 445.773 | Mich. Comp. Laws Ann. §§ 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statues…."). |
| Minnesota<br><br>Minn. Stat. Ann. §§ 325D.49, 325D.52, *et seq.* and Minn. Stat. Ann. §§ 8.31 *et seq.* | Minn. Stat. Ann. §§ 325D.51, 325D.52, | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626-29 (Minn. 2007) (en banc) ("Minnesota antitrust law is generally interpreted consistently with federal antitrust law."). |
| Mississippi<br><br>Miss. Code Ann. §§ 75-21-3 *et seq.* | Miss. Code Ann. § 75-21-3 | *In re Dynamic Random Access Memory (DRAM) Antirust Litig.*, 516 F. Supp. 2d 1072, 1098 (N.D. Cal. 2007) ("[T]he antitrust statutes of these five states [which |

2

**In re Interior Molded Doors Antitrust Litigation**
**State Antitrust Statutes**

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| | | include Mississippi] are to be applied with federal antitrust principles in mind."). |
| New Hampshire<br><br>N.H. Rev. Stat. §§ 356:2, 356:3, *et seq*. | N.H. Rev. Stat. §§ 356:2, 356:3 | N.H. Rev. Stat. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States antitrust laws."). |
| New York<br><br>N.Y. Gen. Bus. Law § 340 | N.Y. Gen. Bus. Law § 340(1) | *Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003) ("Under New York law, the state and federal antitrust statutes 'require identical basic elements of proof.'"); *Gebman v. Kelly*, No. 08-CV-307, 2008 WL 3413955, at *4 (N.D.N.Y. Aug. 8, 2008) ("Courts generally interpret New York's Donnelly Act 'in a fashion identical to its federal counterpart, the Sherman Act.'"). |
| North Carolina<br><br>N.C. Gen. Stat. §§ 75-1, 75-2.1, *et seq*. | N.C. Gen. Stat. §§ 75-1, 75-2.1 | *Crain v. Debartolo*, No. 7:14-CV-29-D, 2015 WL 73961, at *8 n.3 (E.D.N.C. Jan. 6, 2015) ("Federal case law interpretations of the federal antitrust laws are persuasive authority in construing [North Carolina] antitrust statutes.'") (collecting cases). |

**In re Interior Molded Doors Antitrust Litigation**
**State Antitrust Statutes**

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| North Dakota<br><br>N.D. Cent. Code §§ 51-08.1-01 *et seq.* | N.D. Cent. Code §§ 51-08.1-02, 51-08.1-03 | *In re Electronic Books Antitrust Litig.*, No. 11 MD 2293(DLC), 2014 WL 2535112, at *15 (S.D.N.Y. June 5, 2014) ("The language of [North Dakota Uniform State Antitrust Act ("NDUSAA")] parallels Section 1 of the Sherman Act. And North Dakota courts look to federal antitrust law in interpreting the NDUSSA."). |
| Oregon<br><br>Or. Rev. Stat. §§ 646.725, 646.730, *et seq.* | Or. Rev. Stat. §§ 646.725, 646.730 | Or. Rev. Stat. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of [Oregon's Antitrust law]."). |
| Tennessee<br><br>Tenn. Code Ann. §§ 47-25-101 *et seq.* | Tenn. Code Ann. § 47-25-101 | *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S. W. 3d 512, 521 (Tenn. 2005) (court considers "state antitrust regulations to supplement and complement the federal antitrust laws and the enforcement of these state laws to be consistent with the federal antitrust laws"). |

**In re Interior Molded Doors Antitrust Litigation**
**State Antitrust Statutes**

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| Utah<br><br>Utah Code Ann. §§ 76-10-3101, *et seq*. | Utah Code Ann. §§ 76-10-3104 | Utah Code Ann. § 7 6-10-3118 ("The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes.") |
| West Virginia<br><br>W.Va. Code Ann.§§ 47-18-4 *et seq*. | W.Va. Code Ann.§ 47-18-4 | W.Va. Code Ann.§ 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.") |
| Wisconsin<br><br>Wisc. Stat. Ann. §§ 133.03 *et seq*. | Wisc. Stat. Ann. §§ 133.03(1), 133.03(1) | *Indep. Milk Producers Co-op v. Stoffel*, 102 Wis. 2d 1, 6, 298 N.W.2d 102, 104 (Ct. App. 1980) (Interpretation of sec. 133.01(1) [sic], Stats., prohibiting conspiracies in restraint of trade or commerce, is controlled by federal case law.'). |