# EXHIBIT C

**In re Interior Molded Doors Antitrust Litigation**
**State Consumer Protection Statutes**

|  | **Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act?** | **Can IPPs prove a violation based on Defendants' conspiracy to fix prices?** |
|---|---|---|
| **Arkansas** | No.<br><br>While the statute does not contain a provision harmonizing its interpretation with that of the FTC Act, the Arkansas statute "makes illegal any trade practice which is unconscionable, which includes conduct violative of public policy or statute." *Baptist Health v. Murphy*, 365 Ark. 115, 128 (Ark. 2006). | Yes.<br><br>Ark. Code Ann. § 4-88-107(a) (unconscionable act or practice).<br><br>*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 178-79 (D. Me. 2004) (indirect purchasers' allegations of antitrust conspiracy to prevent cars from entering the market was sufficient to state a claim of an unconscionable practice under the ADTPA despite not alleging false or deceptive acts); *see also State ex rel. Bryant v. R & A Inv. Co., Inc.*, 336 Ark. 289, 295 (1999) ("[L]iberal construction of the DTPA is appropriate."). |
| **Arizona** | Yes.<br><br>Ariz. Code § 44-1522(C) ("It is the intent of the legislature. . . that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to 15 United States Code §§ 45, 52, and 55(a)(1)."); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836, 2019 WL 1397228, at *29. | Yes.<br><br>Ariz. Code § 44-1522(A) ("act, use, or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby ..."). |

| | | |
|---|---|---|
| **California** | Yes.<br><br>*Bank of the West v. Superior Court, Contra Costa Cty.*, 833 P. 2d 545, 551–52 (Cal. 1992) (noting that California's Unfair Business Practices Act is a "little FTC Act"). | Yes.<br><br>Cal. Bus. & Prof Code § 17200.<br><br>"[A] business practice is unfair when it 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"<br>*Wilner v. Sunset Life Ins. Co.*, 93 Cal. Rptr. 2d 413, 422 (Ct. App. 2000) (citation omitted). |
| **Florida** | Yes.<br><br>Fla. Stat. § 501.204 (2) ("It is the intent of the Legislature that… due consideration and great weight shall be given to the interpretations of the [FTC] and the federal courts…"); *see also Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. App. 1996) (Antitrust violations constitute violations of the FDUTPA; satisfying elements of the Sherman Act or Florida Antitrust Act also satisfies liability requirements of the FDUTPA.) | Yes.<br><br>The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The three elements of a FDUTPA claim are " '(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.' " *In re Flonase Antitrust Litig.*, 815 F.Supp.2d 867, 886 (E.D.Pa. 2011); *In re Processed Egg Products Antitrust Litig.*, 851 F. Supp. 2d 867, 900 (E.D. Pa. 2012) (noting that antitrust violations constitute FDUTPA violations). |
| **Hawaii** | Yes.<br><br>Haw. Rev. Stat. Ann. § 480-2(b) ("In construing this section, the court and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the [FTC] and the federal courts interpreting [S]ection 5(a)(1) . . . , as from time to time amended.") | Yes.<br><br>Haw. Rev. Stat. Ann. § 480-2(a) (prohibiting "[u]nfair methods of competition and unfair …acts or practices in the conduct of any trade or commerce.").<br><br>"[A] practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers." *Rosa v. Johnston*, 651 P.2d 1228, 1235 (Haw. Ct. App. 1982). |

| | | |
|---|---|---|
| **Maine** | Yes.<br><br>Me. Rev. Stat. tit. 5, § 207(1) ("It is the intent of the Legislature that . . .the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 45(a)(1) of the Federal Trade Commission Act.") | Yes.<br><br>"To justify a finding of unfairness, the act or practice: (1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or competition." *James v. GMAC Mortg. LLC*, 772 F. Supp. 2d 307, 322 (D. Me. 2011) (citing *State v. Weinschenk*, 868 A.2d 200, 206 (Me. 2005)). |
| **Massachusetts** | Yes.<br><br>Mass. Gen. Laws Ann. ch. 93A, § 2(b); *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 773 n.8 (Mass. 1975) (wholly incorporating the FTC Act into its consumer protection statute). | Yes.<br><br>The Massachusetts consumer protection statute, Mass. Gen. Laws, ch. 93(A), "defines unfair acts or practices by reference to interpretations of those terms in the [FTC] Act." *Kraft Power Corp. v. Merrill*, 981 N.E.2d 671, 683 (2013). |
| **New Hampshire** | Yes.<br><br>N.H. Rev. Stat. Ann. § 358-A:13 ("It is the intent of the legislature that in any action or prosecution under this chapter, the courts may be guided by the interpretation and construction given Section 5(a)(1) . . . by the [FTC] and the federal courts."). | Yes.<br><br>N.H. Rev. Stat. Ann. § 358-A:2(XIV) ("Pricing of goods or services in a manner that tends to maintain a monopoly, or otherwise harm competition."). |
| **North Carolina** | Yes.<br><br>"Highly persuasive to us is the fact that the substantive provisions of the North Carolina act are reproduced verbatim from § 5 of the Federal Trade Commission Act, 15 U.S.C. § | Yes.<br><br>To establish a violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA) "a plaintiff must show that the defendant committed an unfair or deceptive act, that affected commerce, and proximately injured the plaintiff." |

| | | |
|---|---|---|
| | 45(a)(1), and that the North Carolina Supreme Court, consistent with that observation, had held that "[b]ecause of the similarity in language, it is appropriate for us to look to the federal decisions interpreting the FTC Act for guidance in construing the meaning of ... § 75–1.1." *ITCO Corp. v. Michelin Tire Corp., Commercial Div.*, 722 F.2d 42, 48 (4th Cir. 1983), on reh'g, 742 F.2d 170 (4th Cir. 1984) (citing *Johnson v. Phoenix Mutual Life Insurance Co.*, 300 N.C. 247, 262, 266 S.E.2d 610, 620 (1980)) | *Camco Manufacturing, Inc. v. Jones Stephens Corp.*, 391 F.Supp.3d 515, 527-28 (M.D.N.C. 2019).<br><br>A practice is unfair "when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *In re Fifth Third Bank, Nat. Ass'n-Vill. of Penland Litig.*, 719 S.E.2d 171, 176 (N.C. App. Ct. 2011). |
| **Oregon** | Yes.<br><br>*Hinds v. Paul's Auto Werkstatt, Inc.*, 107 Or. App. 63, 66, 810 P.2d 874, 875 (1991) (finding that Oregon's consumer protection law adds additional, higher protections and only exempts conduct that is mandated by federal law). | Yes.<br><br>Courts have permitted claims premised on anticompetitive conduct under Oregon's consumer protection statute. *See Packaged Seafood*, *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F.Supp. 3d 1033, 1083–84 (S.D. Cal. 2017). |
| **South Carolina** | Yes.<br><br>S.C. Code § 39-5-20(b): "It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to § 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended." | Yes.<br><br>"A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is deceptive when it has a tendency to deceive." *Adams v. G.J. Creel and Sons, Inc.*, 320 S.C. 274, 279 (S.C. 1995). |
| **Tennessee** | Yes. | Yes. |

| | | |
|---|---|---|
| | Tenn. Code Ann. § 47–18–115: Under Tenn. Code Ann. § 47–18– 115, "It is the intent of the general assembly that this part shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)). | "A practice is unfair when it offends public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Metcalf v. Lincoln Logs Intern., LLC*, No. 2:03-CV-332, 2006 WL 335595 at *7 (E.D. Tenn. Feb. 13, 2006). |
| **Utah** | Yes.<br><br>"The UCSPA states that it should be 'construed liberally' to promote a number of policies….Those policies include making state regulation of consumer sales practices consistent with the policies of the Federal Trade Commission Act… and creating uniformity in the law between Utah and the other states enacting similar consumer protection laws." *Wade v. Jobe*, 818 P.2d 1006, 1014–15 (Utah 1991) (internal citations omitted) (superseded on other grounds by statute). | Yes.<br><br>Utah's Consumer Sales Practices Act must be "liberally construed to protect consumers," and a plaintiff must be permitted to present evidence "if it appears an act even may be unconscionable." *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F.Supp. 3d 1033, 1087 (S.D. Cal. 2017) (denying motion to dismiss price fixing claims under Utah act); Utah Code Ann. § 13-11-5; *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 418 (D. Del. 2007). |
| **West Virginia** | Yes.<br><br>" It is the intent of the Legislature that, in construing this article, the courts be guided by the policies of the Federal Trade Commission and interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act." W. Va. Code § 46A-6-101. | Yes.<br><br>"[T]here is no reason why that the United States Supreme Court precedent regarding FTC unfairness analysis cannot apply [to indirect purchasers' price-fixing claims] with equal force." *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F.Supp. 3d 1033, 1088 (S.D. Cal. 2017). |