## **APPENDIX A**

| State[1] | State Authority on Defensive Pass-On |
|---|---|
| **Arizona** | **Defensive pass-on either not available, or if available, it is limited to preventing duplicative recovery, which is not present here.** |
| | An Arizona state appellate court has rejected the availability of the pass-on defense in the context of a contract claim, reasoning that the downstream customer that allegedly incurred the defendant's overcharges could or would not likely bring a claim or be able to prove damages. *See Northern Ariz. Gas Serv., Inc. v. Petrolane Transp., Inc.*, 702 P.2d 696, 704 (Ariz. Ct. App. 1984). The Arizona Supreme Court thereafter acknowledged that in indirect purchaser antitrust cases, to the extent there is a risk of "double-recovery," trial courts can handle such issues. *Bunker's Glass Co. v. Pilkington, plc*, 206 Ariz. 9, 17-18 (2003) ("Indeed, most of the *Illinois Brick* repealer statutes leave the solution to the double-recovery problem to the courts."). Also, the Arizona Uniform State Antitrust Act damages provision contains no reference to permitting a pass-on defense or prevention of duplicative recovery (*see* Ariz. Rev. Stat. Ann. § 44-1408), as other states do, and Defendants cite no authority establishing that use of "damages sustained" creates or implies a pass-on defense. |
| **Arkansas** | **Defensive pass-on either not available, or if available, it is limited to preventing duplicative recovery, which is not present here.** |
| | Arkansas' damages provision provides for recovery of "actual financial loss proximately caused by the offense or violation" (Ark. Code Ann. § 4-88-113); and defines "[a]ctual financial loss" as "the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person." *Id.* § 4-88-102(9). Thus, indirect purchaser plaintiffs may recover the difference between what they actually paid for IMDs and what they should have paid in a competitive market, *i.e.*, the but-for price. Also, the exclusion of duplicative recovery under the *parens patriae* statute—and not in private action provisions—supports no pass-on defense in private actions, as the Arkansas legislature knew how to address duplicative recovery but chose not to with respect to private litigants. *See* Ark. Code Ann. § 4-75-212(b)(1)(B) (*parens patriae* awards "exclude from the amount of monetary relief . . . any amount which duplicates" other recovery "or which are allocable to persons who have excluded their claims"). At most, Arkansas prevents duplicative recoveries by multiple litigants, which is not present here. |

---

[1] Although IPPs bring claims under the consumer protection statutes of Florida and South Carolina, Defendants' Appendix A does not include these two states. Defendants therefore appear to waive their argument that a pass-on defense is available to them under the laws of Florida and South Carolina.

# **APPENDIX A**

| **State**[1] | **State Authority on Defensive Pass-On** |
|---|---|
| **California** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.** |
| | Under California's Cartwright Act, "[a]ny person who is injured . . . may sue . . . . to recover three times the damages sustained by him or her, interest on his or her actual damages pursuant to Section 16761 . . . ." Cal. Bus. & Prof. Code § 16750(a). The California Supreme Court has recognized that the pass-on defense is allowed in instances where there is a "prospect of duplicative recovery." *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010). The court stated that in "instances where multiple levels of purchasers have sued, . . . defendants may assert a pass-on defense as needed to avoid duplication in the recovery of damages." *Id.* at 787. This is consistent with California's statute allowing its Attorney General to act "as *parens patriae* on behalf of natural persons residing in the state," which expressly excludes from recovery "any amount . . . which duplicates amounts which have been awarded for the same injury." Cal. Bus. & Prof. Code § 16760(a)(1). |
| | Courts have generally treated the defense as an affirmative defense. *See, e.g., In re Domestic Drywall Antitrust Litig.*, No. 15-CV-1712, 2020 WL 1695434, at *16 (E.D. Pa. Apr. 7, 2020) ("Whether Homebuilder Plaintiffs passed the price increases through to their buyers is germane because it may provide an affirmative defense—the 'pass-through' defense"); *Cty. of San Mateo v. CSL Ltd.*, No. 10-cv-05686-JSC, 2014 WL 4100602, at *5 (N.D. Cal. Aug. 20, 2014) ("*Clayworth* adopted the *Hanover Shoe* rule, which bars antitrust defendants from asserting the *affirmative defense* that direct purchasers who pass on an overcharge cannot sue for damages") (emphasis added). |
| **Hawaii** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.** |
| | The Hawaii Antitrust Act provides that: "In class actions or de facto class actions where both direct and indirect purchasers are involved, or where more than one class of indirect purchasers are involved, *a defendant shall be entitled to prove as a partial or complete defense* to a claim for compensatory damages that *the illegal overcharge has been passed on or passed back to others who are themselves entitled to recover so as to avoid the duplication of recovery of compensatory damages*" Haw. Rev. Stat. Ann. § 480-13(c)(2) (emphasis added). The Act further provides that an indirect purchaser has the right to recover, in all cases, "the full measure of compensatory damages" (*id.* § 480-13(c)(4)); and that the court is authorized to take other steps, such as transfer and consolidations, to obtain "substantial fairness" (*id.* § 480-13(c)(2) & (5)). IPPs are unaware of any judicial interpretation of Hawaii's pass-on defense. |

# APPENDIX A

| State[1] | State Authority on Defensive Pass-On |
|---|---|
| **Kansas** | **Defensive pass-on not available.**<br><br>A Kansas court has held that there is no pass-on defense under Kansas law. *See Cox v. F. Hoffman-La Roche, Ltd.*, No. 00 C 1890, 2003 WL 24471996, at *2–3 (Kan. Dist. Ct. Oct. 10, 2003). *See also In re Packaged Seafood Prod. Antitrust Litig.*, 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that Kansas is a state in which "Defendants could not reduce their damages by showing that the overcharges were passed-on" and citing *Cox v. F. Hoffman-La Roche*). This is consistent with the Kansas Restraint of Trade Act, which allows recovery of "treble the actual damages sustained" and does not address defensive pass-on. Kan. Stat. Ann. § 50-161(b). |
| **Maine** | **Defensive pass-on not available.**<br><br>Maine's antitrust statute provides for recovery of "damages sustained" and does not address defensive pass-on or prevention of duplicative recovery. Me. Rev. Stat. tit. 10, § 1104. IPPs are unaware of any judicial interpretation allowing a pass-on defense. |
| **Massachusetts** | **Defensive pass-on not available.**<br><br>The Massachusetts Unfair Trade Practice and Consumer Protection Statute's remedial provision provides that plaintiff's "recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater . . . ." Mass. Gen. Laws Ann. ch. 93A, § 9. The statue does not address defensive pass-on or prevention of duplicative recovery. IPPs are unaware of any judicial interpretation allowing a pass-on defense. |
| **Michigan** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.**<br><br>Federal courts have allowed defendants to present an affirmative defense of pass-on under Michigan law to prevent duplicative recovery. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2012 WL 6709621, at *1, 3–4 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th Cir. 2016) (with respect to plaintiff Kmart—a retailer that purchased LCD products for resale to consumers—defendants could present evidence of downstream pass-on because of the chance of duplicative recovery where "the IPP and *parens patriae* settlements included the claims brought on behalf of Michigan consumers"). |

# **APPENDIX A**

| State[1] | State Authority on Defensive Pass-On |
|---|---|
| **Minnesota** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.** |
| | The Minnesota Antitrust Law provides for recovery of "three times the actual damages sustained" and that "[i]n any subsequent action arising from the same conduct, the court may take any steps necessary to avoid duplicative recovery against a defendant." Minn. Stat. § 325D.57. This has been interpreted by a federal court as allowing consideration of a pass-on defense where "multiple levels of purchasers have sued defendants alleging identical and/or overlapping claims . . . to avoid duplicative recovery." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2012 WL 6709621, at *7 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th Cir. 2016). In *LCDs*, the plaintiffs bringing claims under Minnesota law were retailers Target and Best Buy, which resold LCD products to downstream consumers who were plaintiffs in related proceedings. 2012 WL 6709621, at *5. On appeal, the Ninth Circuit affirmed (in an unpublished opinion), confirming that the pass-on defense was available under Minnesota law due to "a significant risk of duplicative recovery" among plaintiff and its "downstream indirect purchasers" that sued defendant. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 637 F. App'x 981, 985 (9th Cir. 2016). |
| **Mississippi** | **Defensive pass-on not available.** |
| | Mississippi's antitrust statute allows a plaintiff to "recover all damages of every kind sustained by him or it and in addition a penalty of five hundred dollars ($500.00) . . . ." Miss. Code. Ann. § 75-21-9. The statute contains no reference to permitting a pass-on defense or prevention of duplicative recovery. IPPs are unaware of any judicial interpretation allowing a pass-on defense. |
| **New Hampshire** | **Defensive pass-on not available.** |
| | New Hampshire's antitrust statute provides for private recovery of "the actual damages sustained." N.H. Rev. Stat. Ann. § 356:11(II). The statute contains no reference to permitting a pass-on defense or prevention of duplicative recovery. IPPs are unaware of any judicial interpretation allowing a pass-on defense. |

## **APPENDIX A**

| State[1] | State Authority on Defensive Pass-On |
|---|---|
| **New York** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.**<br><br>New York's Donnelly Act permits a pass-on defense as follows: "*In actions where both direct and indirect purchasers are involved*, a defendant *shall be entitled to prove as a partial or complete defense* to a claim for damages that the illegal overcharge has been passed on *to others who are themselves entitled to recover so as to avoid duplication of recovery of damages*." N.Y. Gen. Bus. Law § 340(6) (emphasis added). Therefore, to assert the pass-on defense under the Donnelly Act, downstream purchasers must be "entitled to recover . . . ." *Id.* |
| **North Carolina** | **Defensive pass-on either not available, or if available, it is likely limited to preventing duplicative recovery, which is not present here.**<br><br>Under the North Carolina General Statutes, "any person . . . injured . . . shall have a right of action on account of such injury done, and if damages are assessed," they are trebled. N.C. Gen. Stat. Ann. § 75-16. The statute contains no reference to permitting a pass-on defense. In denying Defendants' motion to dismiss, this Court held IPPs have standing under North Carolina's antitrust law. Opinion at 106 at 28–29 (citing *Crouch v. Crompton Corp.*, No. 02 CVS 4375, 2004 WL 2414027 (N.C. Super. Oct. 28, 2004). In ruling on indirect purchaser standing, the *Crouch* court observed: "Here the other indirect purchaser claimants may be distributors and retailers who claim to have absorbed some of the price increase. No claims have been filed on their behalf. This factor would adversely impact standing in Crouch based on this record." 2004 WL 2414027, at *24. The *Crouch* factors suggest that to the extent a pass-on defense is read into North Carolina law, it would be limited to preventing duplicative recovery. |
| **North Dakota** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.**<br><br>The North Dakota Uniform State Antitrust Act provides that "In any action for damages under this section, *any defendant, as a partial or complete defense* against a claim for damages, is *entitled to prove* that the plaintiff purchaser, or seller in the chain of manufacture, production, or distribution, who paid any overcharge or received any underpayment *passed on all or any part of the overcharge or underpayment* **to another purchaser or seller in that action**." N.D. CENT. CODE § 51-08.1-08(4) (emphasis added). The North Dakota Uniform State Antitrust Act, therefore, provides an affirmative pass-on defense to prevent duplicative recovery, and is not applicable to further downstream purchasers who are not litigants. |

# **APPENDIX A**

| State[1] | State Authority on Defensive Pass-On |
|---|---|
| **Oregon** | **Defensive pass-on either not available, or if available, it is limited to preventing duplicative recovery, which is not present here.** |
| | Under Oregon's Trade Practices and Antitrust Regulation laws, a person or the state "may sue for the injury and shall recover three times the damages sustained," except that when the Attorney General seeks civil penalties, they are limited to "actual damages sustained." Or. Rev. Stat. Ann. § 646.780(1)(a)–(b)(A). The statute contains no reference to permitting a pass-on defense or prevention of duplicative recovery. Also, the exclusion of duplicative recovery under the *parens patriae* statute—and not in private action provisions—supports no pass-on defense in private actions, as the Oregon legislature knew how to address duplicative recovery but chose not to with respect to private litigants. *See* Or. Rev. Stat. Ann. § 646.775(1)(b)(A) (when the Attorney General brings civil actions on behalf of natural persons as *parens patriae*, the court is directed to "*exclude* from the amount of monetary relief awarded . . . *duplicate[ ] amounts* that have been *awarded for the same injury*." (emphasis added)). At most, Oregon prevents duplicative recoveries by multiple litigants, which is not present here. |
| **Tennessee** | **Defensive pass-on not available.** |
| | The Tennessee Trade Practices Act provides for recovery by "[a]ny person who is injured or damaged" of "the *full consideration or sum paid* by the person for any goods, wares, merchandise, or articles, the sale of *which is controlled by such combination or trust*." Tenn. Code Ann. § 47-25-106 (emphasis added). Thus, indirect purchaser plaintiffs may recover what they actually paid for IMDs. IPPs are unaware of any judicial interpretation allowing a pass-on defense. |
| **Utah** | **Defensive pass-on is an affirmative defense limited to preventing duplicative recovery, which is not present here.** |
| | The Utah Antitrust Act provides that "*When a defendant has been sued in one or more actions by both direct and indirect purchasers*, whether in state court or federal court, *a defendant shall be entitled to prove as a partial or complete defense* to a claim for damages *that the damages incurred* by the plaintiff or plaintiffs *have been passed on to others who are entitled to recover* so as *to avoid duplication of recovery of damages*. In an action by indirect purchasers, any damages or settlement amounts paid to direct purchasers for the same alleged antitrust violations shall constitute a defense in the amount paid on a claim by indirect purchasers under this chapter so as to avoid duplication of recovery of damages." Utah Code Ann. § 76-10-3109(6) (emphasis added). Utah also allows *parens patriae* damages as an "additional remedy to any other remedies provided by law. It may not diminish or offset any other remedy." *Id.* § 76-10-3108(1). |

**APPENDIX A**

| State[1] | State Authority on Defensive Pass-On |
|---|---|
| **West Virginia** | **Defensive pass-on not available.** |
| | West Virginia's Antitrust Act allows recovery of "threefold the damages sustained" (W. Va. Code Ann. § 47-18-9), and provides that all remedies "shall be cumulative." *Id.* § 47-18-13. The statute, therefore, contemplates and permits duplicative recovery. Moreover, the exclusion of duplicative recovery under the *parens patriae* statute—and not in private action provisions—supports no pass-on defense in private actions, as the West Virginia legislature knew how to address duplicative recovery but chose not to with respect to private litigants. *See id.* § 47-18-17(a) ("The attorney general shall be permitted to bring an action as *parens patriae* . . . for violations of the federal antitrust laws or of both this article and the federal antitrust laws, to secure relief as provided under this article and other lawful relief as appropriate."); *id.* § 47-18-17(f) (directing courts to "exclude from the amount of monetary relief awarded . . . any amount of monetary relief which . . . [d]uplicate amounts which have been awarded for the same injury."). IPPs are unaware of any judicial interpretation allowing a pass-on defense. |
| **Wisconsin** | **Defensive pass-on not available.** |
| | The Wisconsin Antitrust Act provides for recovery for "threefold the damages sustained." Wis. Stat. Ann. § 133.18(1)(a). Three trial courts have held or acknowledged that there is no pass-on defense under Wisconsin law. The first was a Wisconsin trial court, which held that "[i]n the absence of express statutory language creating a 'pass-on' defense, or Wisconsin authority indicating the existence of such a defense, § 133.18 will not be read as creating one." *K-S Pharmacies, Inc. v. Abbott Labs.*, No. 94CV002384, 1996 WL 33323859, at *12 (Wis. Cir. Ct. May 17, 1996). . And in *In re Packaged Seafood Prod. Antitrust Litig.*, 332 F.R.D. 308, 338 (S.D. Cal. 2019), the district court acknowledged that in Wisconsin "[d]efendants could not reduce their damages by showing that the overcharges were passed-on." This was despite the existence of a middleman commercial food processors class as well as end-purchaser class. |