<u>**APPENDIX B**</u>

**SUMMARY OF STATE ANTITRUST STATUTES**

| State | Defendants' Authority[1] | IPPs' Reply |
|---|---|---|
| CA | <u>Unilateral conduct</u><br><br>*In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 282–83 (D. Mass. 2004) (finding that "a challenge to unilateral conduct does not state a cognizable antitrust claim" under the Cartwright Act, but that unilateral conduct is actionable under the UCL). | IPPs do not allege unilateral conduct. |
| KA | <u>Unilateral conduct</u><br><br>*In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 282–83 (D. Mass. 2004) (finding that "Kansas Monopolies and Unfair Trade Act…prohibits combinations and conspiracies only"). | IPPs do not allege unilateral conduct. |
| ME | <u>Heightened Impact Analysis</u><br><br>*In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 281 (citing *Melnick v. Microsoft Corp.*, Nos. CV–99–709, CV–99–752, 2001 WL 1012261 (Me. Super. Aug. 24, 2001) | *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 19, 977 A.2d 420, 427 (noting that Maine's antitrust statute, like Federal antitrust law, requires proof of real injury, and that a plaintiff can prove damages "in the aggregate by demonstrating that [the defendant], through its anti-competitive practices, charged more [for the product] |

---

[1] Defendants cite generally to *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 282–83 (D. Mass. 2004) and *A & M Supply Co. v. Microsoft Corp.*, 252 Mich. App. 580, 583, 654 N.W.2d 572 (2002) for the proposition that the state antitrust laws under which IPPs bring claims vary, and that this variation defeats class certification. Opp. at 30. As set forth in this chart, the analyses in *Relafen* and *A&M Supply* do not defeat class certification here. *See also* ECF No. 180-2 (State Antitrust Statutes Chart) (reflecting consistency across state antitrust laws).

**APPENDIX B**

| State | Defendants' Authority[1] | IPPs' Reply |
|---|---|---|
| | | than it could have charged in a fully competitive market, and that those higher prices were passed on through the retail outlets to indirect purchasers."). <br><br> *Melnick v. Microsoft Corp.*, Nos. CV–99–709, CV–99–752, 2001 WL 1012261 at *7–15 (Me. Super. Aug. 24, 2001) (finding that, unlike here, indirect purchaser plaintiffs had failed to provide a method capable of showing impact and damages where they relied on "articles, excerpts of testimony given in *United States v. Microsoft,* deposition testimony of Dr. Jerry A. Hausman, and case law," and an affidavit from Dr. Leffler that proposed a hypothetical econometric analysis). |
| **MI** | <u>Heightened Impact Analysis</u> <br><br> *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 282–83 (D. Mass. 2004) (relying on *A & M Supply Co. v. Microsoft Corp.*, 252 Mich. App. 580, 583, 654 N.W.2d 572 (2002)). | Mich. Comp. Laws Ann. §§ 445.784(2) (federal harmonization provision) <br><br> *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 340–51 (E.D. Mich. 2001) (granting class certification under Michigan's antitrust law where plaintiffs relied on econometric method to measure class-wide impact and damages). <br><br> *A & M Supply Co. v. Microsoft Corp.*, 252 Mich. App. 580, 584, 654 N.W.2d 572, 575, 604, 606, 638–39 (2002) (holding trial court erred in granting class certification where it found indirect purchaser plaintiffs relied solely on an affidavit from an expert proposing a |

**APPENDIX B**

| State | Defendants' Authority[1] | IPPs' Reply |
|---|---|---|
| | | hypothetical way to show impact; this is not the case here). |
| **MN** | <u>Heightened Impact Analysis</u><br><br>*In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 282–83 (D. Mass. 2004) (relying on *Gordon v. Microsoft Corp.*, No. 00-5994, 2001 WL 366432, at *1 (Minn. Dist. Ct. Mar. 30, 2001). | *Gordon v. Microsoft Corp., No. 00-5994, 2001 WL 366432*, at *1, *3, *8–12 (Minn. Dist. Ct. Mar. 30, 2001) (certifying a class of indirect purchaser plaintiffs bringing claims under Minnesota's antitrust law where plaintiffs relied on the same affidavit provided by Dr. Leffler described above and noting that "[a]n issue will meet the predominance standard when there exists generalized evidence that proves or disproves [an] element on a simultaneous, class-wide basis. Such proof obviates the need to examine each class member's individual position"). |
| **TN** | <u>Unilateral Conduct</u><br><br>*In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 282–83 (D. Mass. 2004) (finding that the Tennessee Trade Practices Act precludes claims for unilateral conduct). | IPPs do not allege unilateral conduct. |

**APPENDIX B**

**SUMMARY OF STATE CONSUMER PROTECTION LAWS**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| AR[4] | No. | Yes.<br><br>*Baptist Health v. Murphy*, 226 S.W.3d 800, 811 n.6 (Ark. 2006) (citation omitted) (noting that under the ADTPA, an unconscionable act is one "that affront[s] the sense of justice, decency, or reasonableness"). | <u>Actual Damages</u><br><br>*In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1008 (E.D. Mich. 2014) (holding that plaintiff could bring claims under the ADTPA based on allegations they were overcharged pursuant to a conspiracy to fix automotive part prices); *see also Philip Morris Companies, Inc. v. Miner*, 2015 Ark. 73, 11, 462 S.W.3d 313, 320–21 (2015) (noting that where common questions predominate as to liability, an issue regarding actual damage is secondary and does not require a denial of certification).<br><br><u>Reliance</u><br>*In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *20 (E.D. Va. Sept. 18, 2019) (holding reliance is not an element under |

---

[2] *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *19 (E.D. Va. Sept. 18, 2019) (citing *FTC v. Ind. Fed'n of Dentists,* 476 U.S. 447, 454 (1986)) ("The standard of 'unfairness' under the FTC Act ... emcompass[ es] [sic] ... practices that violate the Sherman Act and the other antitrust laws.").

[3] Rebutting Defendants' Appendix D, ECF No. 202 at 42–44.

[4] Ark. Code §§ 4-88-101, *et seq.* IPPs' claims under the Arkansas Deceptive Trade Practices Act (ADTPA) does not include purchased made on or after August 1, 2017. *See In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *20.

APPENDIX B

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | ADTPA's unconscionable prong before it was amended on August 1, 2017.<br><br>"Consumer-Oriented Act"<br>*Apprentice Info. Sys., Inc. v. DataScout, LLC*, 2018 Ark. 149, 5, 544 S.W.3d 536, 539 (2018) (holding that under the ADTPA, a **competitor** could not sue under the ADTPA). |
| AZ[5] | **Yes.**<br><br>*In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *19 (E.D. Va. Sept. 18, 2019) | N/A | **No.**<br><br>Misrepresentation<br><br>*In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *19 (E.D. Va. Sept. 18, 2019) ( "The standard of 'unfairness' under the FTC Act ... emcompas[es] [sic] ... practices that violate the Sherman Act and the other antitrust laws.").<br><br>Standing<br><br>*In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 960 (N.D. Ill. 2016) (holding that indirect purchasers had standing under the Arizona Consumer Fraud Act (ACFA) and declining to interpret *Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 290 P.3d 446 (Ariz. Ct. App.2013) the |

---

[5] Ariz. Code §§ 44-1521, *et seq.*

<u>**APPENDIX B**</u>

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | way Defendants argue because *Sullivan* did not deal with a consumer good moving through a chain of distribution).<br><br>*Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 290 P.3d 446, 453 (Ariz.Ct App.2013) (plaintiffs alleged a "false promise or misrepresentation" under the ACFA, not an "unfair act or practice").<br><br><u>Intent</u><br><br>Ariz. Rev. Stat. Ann. § 44–1522 (referencing intent only in connection with "suppression or omission of any material fact with intent that others rely on such concealment," not "unfair act or practice")<br><br><u>Reliance</u><br><br>Ariz. Rev. Stat. Ann. § 44–1522 (expressly rejected by the statute: "unfair act or practice…**whether or not any person has in fact been misled, deceived or damaged thereby**...is declared to be unlawful") (emphasis added). |
| CA[6] | No. | **Yes.**<br><br>*Wilner v. Sunset Life Ins. Co.*, 93 Cal. Rptr. 2d 413, 422 (Ct. App. 2000) ("[A] business practice is | **Yes.**<br><br><u>Intrastate Conduct</u> |

---

[6] Cal. Bus. & Prof Code §§ 17200, *et seq*.

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | unfair when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.") (citation omitted). | *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *21 (E.D. Va. Sept. 18, 2019) (IPPs sufficiently alleged intrastate conduct) <br><br> *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1047 (C.D. Cal. 2019) (holding claims under the UCL could not apply extraterritorially, but not addressing whether plaintiff's that purchased products at supracompetitive prices within California could bring claims under the UCL). |
| FL[7] | Yes. <br><br> *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *19 (E.D. Va. Sept. 18, 2019) | N/A | No. <br><br> <u>Affects Public Policy or the Public Interest</u> <br><br> *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 653 n.21 (1985) (noting there is an "overriding public policy in favor of competition," and violations of antitrust laws are against public policy); *see also Standard Oil Co. of New Jersey v. United States*, 221 U.S. 1, 64 (1911). <br><br> <u>Misleading Statement</u> <br><br> *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *19 (E.D. Va. Sept. 18, 2019) (finding that under FDUTPA "deceptive act or practice encompasses antitrust violations because the acts proscribed by subsection 501.204(1) include antitrust |

[7] Fla. Stat. §§ 501.201, *et seq.*

**APPENDIX B**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | violations.") *Cf. State v. Beach Blvd Auto. Inc.*, 139 So. 3d 380, 384 (Fla. Dist. Ct. App. 2014) (alleging fraud and misrepresentations). <br><br> Suffered a Loss <br><br> *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 44 (D.D.C. 2008) (noting "plaintiffs allege they have suffered a loss due to defendants' price-fixing, an unfair method of competition."). <br><br> Causation due to Deception <br><br> *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1280 (11th Cir. 2011) (Plaintiffs alleging claims of false or misleading conduct not anticompetitive conduct under the "unfair" prong). |
| HI[8] | Yes. <br><br> Haw. Rev. Stat. Ann. § 480-3. | N/A | No. <br><br> Immoral, unethical, oppressive, or unscrupulous or substantially injurious to consumers |

---

[8] Haw. Rev. Stat. Ann. § 480-2 prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful," and thus can be considered both an antitrust statute and a consumer protection statute.

**APPENDIX B**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958) (noting the price-fixing is per se unlawful because of its "pernicious effect on competition and lack of any redeeming virtue."); *Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Sys., Inc.*, 491 F. Supp. 1199, 1226 (D. Haw. 1980), *aff'd*, 732 F.2d 1403 (9th Cir. 1984) (noting that "HRS 480-2, as its federal counterpart in the FTC Act, was constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices for the protection of both consumers and honest businessmen") (internal citations omitted). |
| MA[9] | Yes.<br><br>*In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *20 (E.D. Va. Sept. 18, 2019) | N/A | No.<br><br>Immoral, unethical, oppressive or unscrupulous.<br><br>*N. Pac. Ry. Co.*, 356 U.S. at 5 (noting that price-fixing is per se unlawful because of its "pernicious effect on competition and lack of any redeeming virtue."); *see also Renovator's Supply, Inc. v. Sovereign Bank*, 72 Mass. App. Ct. 419, 429, 892 N.E.2d 777, 786 (2008) ("The statutory criteria for unfair conduct are whether it lies within at least the penumbra of some common-law, statutory, or other established concept of unfairness.") (internal citations omitted).<br><br>Objective Harm that Goes Beyond Deception |

---

[9] Mass. Gen. Laws, ch. 93A, § 2

<u>APPENDIX B</u>

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 4 (1st Cir. 2017) (allegations of deceptive advertising); *see also In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *19 (noting the standard of 'unfairness' under the FTC Act ... emcompass[es][sic] ... practices that violate the Sherman Act and the other antitrust laws"). <br><br> <u>Demand Letter</u> <br><br> IPPs sent notice to Defendants on December 14, 2018. Exhibit 10. <br><br> *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *17 (E.D. Va. Sept. 18, 2019) (holding that a minor delay in adhering to a notice requirement, where there is no evidence of prejudice to Defendants, does not bar IPPs from bringing claims under state law); *see also In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 355 F. Supp. 3d 145, 154 (E.D.N.Y. 2018) (noting that Hawaii's notice requirement conflicted with, and was superseded by, Rule 23 where it "restrict[ed] the types of claims eligible for class treatment beyond the limits established by Rule 23" and did not "alter the substantive elements of plaintiffs' claims.") |
| ME[10] | Yes. <br><br> Me. Rev. Stat. tit. 5, § 207 | N/A | No. <br><br> <u>Likely to mislead consumers</u> |

---

[10] 5 Me. Rev. Stat. §§ 207, *et seq.*

**APPENDIX B**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | *State v. Weinschenk*, 2005 ME 28, ¶ 1, 868 A.2d 200, 203 (plaintiffs alleged that home builders "misrepresent[ed] to consumers the quality of the construction of the houses" not a price-fixing conspiracy); *see also* Me. Rev. Stat. tit. 5, § 207 (harmonization provision) |
| NC[11] | **Yes.** *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *19 (E.D. Va. Sept. 18, 2019) | **N/A** | **No.** <br><br> <u>In or affecting commerce</u> <br><br> *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1006 (E.D. Mich. 2014) (holding allegations of a nationwide price-fixing conspiracy that affected North Carolina consumers met "in or affecting commerce" requirement). <br><br> <u>Offends public policy</u> <br><br> *N. Pac. Ry. Co.*, 356 U.S. at 5 (noting that price-fixing is per se unlawful because of its "pernicious effect on competition and lack of any redeeming virtue"). |
| NH[12] | **Yes.** | **N/A** | **No.** <br><br> <u>Intrastate Conduct</u> |

---

[11] N.C. Gen. Stat. §§ 75-1.1, *et seq.*

[12] N.H. Rev. Stat. §§ 358-A:1, *et seq.*

**APPENDIX B**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | N.H. Rev. Stat. § 358-A:13 | | *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-CV-00850-JAG, 2020 WL 2110931, at *2 (E.D. Va. May 4, 2020) (holding IPPs met intrastate conduct requirement by alleging "defendants fixed the prices of IMDs, which were sold, distributed[,] or obtained in New Hampshire.") (internal citations omitted). |
| NM[13] | N.M. Stat. § 57-12-4 | | **No.** <br><br> <u>In or affecting commerce</u> <br><br> *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d at 1006 (holding allegations of a nationwide price-fixing affected North Carolina consumers a met "in or affecting commerce" requirement). |
| OR[14] | **No.** | **Yes.** <br><br> *In re Interior Molded Doors Antitrust Litig.,* No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *20 (E.D. Va. Sept. 18, 2019) (noting a plaintiff may state a claim under Oregon's consumer | **No.** <br><br> <u>Price-fixing claims not permitted</u> <br><br> *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2020 WL 2555556, at *34 (E.D.N.Y. May 5, 2020) (noting legal questions common to a class such as bars against price-fixing claims are inappropriate to address at class certification). |

---

[13] N.M. Stat. §§ 57-12-1, *et seq.*

[14] Or. Rev. Stat. §§ 646.605, *et seq.*

**APPENDIX B**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | protection statute using the "unfair" prong). | *In re Dynamic Random Access Memory(Dram) Antitrust Litig.*, 516 F.Supp.2d 1072, 1115 (N.D.Cal.2007) (citing Or.Rev.Stat. § 646.608(u) and addressing the "other unfair or deceptive conduct in trade or commerce" provision, not the "unconscionability" provision). |
| SC[15] | Yes. <br><br> *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *20 (E.D. Va. Sept. 18, 2019) | N/A | No. <br><br> <u>Adverse impact on the public interest</u> <br><br> *Knevelbaard Dairies v. Kraft Foods, Inc.,* 232 F.3d 979, 988 (9th Cir. 2000) (recognizing that the public has a "vital interest" in competition). |
| TN[16] | No. | Yes. <br><br> *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *20 (E.D. Va. Sept. 18, 2019) (noting Tennessee has a "unfair" | No. <br> <u>Bar against class actions</u> <br><br> *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2020 WL 2555556, at *34 (E.D.N.Y. May 5, 2020) (holding that whether a statute bars class actions is a legal question common to all class members within each state and therefore inappropriate to address at class certification). |

---

[15] S.C. Code §§ 39-5-10, *et seq.*

[16] Tenn. Code §§ 47-18-101, *et seq.*

<u>**APPENDIX B**</u>

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | prong to its consumer protection statute). | *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399 (2010) (holding that a state law banning class actions conflicts with and is superseded by Rule 23). |
| WV[17] | Yes.<br><br>W. Va. Code § 46A-6-101 | N/A | No.<br><br><u>Price-fixing claims not permitted</u><br><br>*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 2020 WL 2555556, at *34 (noting legal questions common to a class of plaintiffs under state law are inappropriate to address at class certification).<br><br>*In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1087 (S.D. Cal. 2017) (noting that the district court cases that held that price-fixing claims are barred under the WVCCPA did not have the benefit of the "West Virginia Legislature's 2015 amendment to the WVCCPA intending that 'in construing this article, the courts be guided by the policies of the Federal Trade Commission and interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act'") (citing W. Va. Code § 46A-6-101)). |

---

[17] W. Va. Code §§ 46A-6-101, *et seq.*

**APPENDIX B**

| State | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1)?[2] | If not harmonized, can IPPs prove a violation based on Defendants' unfair or unconscionable conduct, measured by a uniform standard? | No Material Differences[3] |
|---|---|---|---|
| | | | <u>Notice to Defendants and Opportunity to Cure</u><br><br>IPPs sent notice to Defendants on February 8, 2019. Exhibit 9.<br><br>*In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at \*17 (E.D. Va. Sept. 18, 2019) (holding that a minor delay in adhering to a notice requirement, where there is no evidence of prejudice to Defendants, does not bar IPPs from bringing claims under state law); *see also In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 355 F. Supp. 3d 145, 154 (E.D.N.Y. 2018) (noting that Hawaii's notice requirement conflicted with, and was superseded by, Rule 23 where it "restrict[ed] the types of claims eligible for class treatment beyond the limits established by Rule 23" and did not "alter the substantive elements of plaintiffs' claims.")<br><br><u>Natural Persons</u><br><br>*In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, 2020 WL 2110931, at \*3–4 (E.D. Va. May 4, 2020) (rejecting Defendants' argument). |

## APPENDIX B

## SUMMARY OF STATE UNJUST ENRICHMENT LAW

| Core Elements | "At minimum, an unjust enrichment plaintiff must ordinarily allege receipt of a benefit by the defendant at plaintiff's expense and that it would be inequitable or unjust for defendant to accept and retain the benefit…. Indeed, unjust enrichment laws are materially the same throughout the United States."<br><br>*In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *22 (E.D. Va. Sept. 18, 2019) (internal citations omitted) |
|---|---|

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| AZ | (1) an enrichment,<br>(2) an impoverishment,<br>(3) a connection between the enrichment and impoverishment,<br>(4) the absence of justification for the enrichment and impoverishment, and<br>(5) the absence of a remedy at law.<br><br>*Span v. Maricopa Cty. Treasurer*, 246 Ariz. 222, 227, 437 P.3d 881, 886 (Ct. App. 2019), *review denied* (Nov. 19, 2019) | No adequate remedy at law<br><br>*Trustmark Ins. Co. v. Bank One, Arizona, NA*, 202 Ariz. 535, 541 n.5, 48 P.3d 485, 491 (Ct. App. 2002), *as corrected* (June 19, 2002) ("Although Trustmark framed the issue using the terminology of an 'adequate' remedy at law, a party's right to seek unjust enrichment is not controlled by whether the party has an 'adequate' remedy at law."); *see also In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1016 (E.D. Mich. 2014) (discussing that the "absence of a remedy at law" means there is no contract between the parties).<br><br>Connection between Enrichment and Impoverishment<br><br>*In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d at 1016 (denying defendants' motion to dismiss Arizona unjust enrichment claims based on allegations of price-fixing). |

[18] Rebutting Defendants' Appendix D, ECF No. 202 at 45–49.

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| KS | (1) a benefit has been conferred upon the defendant;<br>(2) the defendant retains the benefit; and<br>(3) under the circumstances, the defendant's retention of the benefit is unjust.<br><br>*Nelson v. Nelson*, 288 Kan. 570, 580, 205 P.3d 715, 724 (2009) (citing *In re Estate of Sauder,* 283 Kan. 694, 719, 156 P.3d 1204 (2007). | <u>Appreciates or has Knowledge</u><br><br>*Nelson v. Nelson*, 288 Kan. 570, 580, 205 P.3d 715, 724 (2009) (listing elements of unjust enrichment and excluding appreciation or knowledge requirement) (citing *In re Estate of Sauder,* 283 Kan. 694, 719, 156 P.3d 1204 (2007)). |
| MA | "Unjust enrichment is defined as retention of money or property of another against the fundamental principles of justice or equity and good conscience."<br><br>*Shea v. Cameron*, 92 Mass. App. Ct. 731, 740, 93 N.E.3d 870, 879, *review denied*, 479 Mass. 1105, 102 N.E.3d 976 (2018) (internal citations omitted).<br><br>Defendants rely on a district court case—*Stevens v. Thacker*—which cites to 12 | <u>Adequate remedy at law</u><br><br>This is not an issue to be decided at class certification. If this rule barred plaintiffs in Massachusetts from recovery, it would apply to all purchasers in Massachusetts. And IPPs are entitled to plead unjust enrichment as an alternative theory of recovery. *In re Zetia (Ezetimibe) Antitrust Litig.*, No. CV 2:18-MD-2836, 2019 WL 1397228, at *37 (E.D. Va. Feb. 6, 2019), *report and recommendation adopted as modified*, 400 F. Supp. 3d 418 (E.D. Va. 2019); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 915 (E.D. Pa. 2012); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 237 (M.D. Pa. 2010). Regardless, this element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11<br><br><u>Appreciates or has knowledge</u><br>This element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11.<br><br><u>Reasonable expectations of the parties</u> |

17

<u>APPENDIX B</u>

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|-------|----------------------------------|------------------------------|
| | Williston on Contracts § 1479 (3d ed.1957)). 550 F. Supp. 2d 161, 165 (D. Mass. 2008). | "Unjust enrichment requires something more than a benefit. Rather, '[t]he benefit must be unjust, a quality that turns on the reasonable expectations of the parties.'" *Lander v. Lander*, 91 Mass. App. Ct. 1123, 86 N.E.3d 249 (2017) (citing *Community Builders, Inc. v. Indian Motorcycle Assocs., Inc.*, 44 Mass. App. Ct. 537, 560 (1998)). Where Defendants fix the price of IMDs and retained the benefit, unjust enrichment occurs. *See In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 917 (E.D. Pa. 2012) (declining to dismiss indirect purchaser plaintiffs' unjust enrichment claims under Massachusetts law in a price-fixing conspiracy). |
| ME | (1) Plaintiff conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value."  *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 12, 161 A.3d 696, 699, *as revised* (Nov. 30, 2017). | <u>Appreciates or has knowledge</u>  *See In re Terazosin Hydrochloride*, 220 F.R.D. 672, 697 (S.D. Fla. 2004) (noting that the elements of an unjust enrichment claim in Florida, Maine and South Dakota "mirror those of the Restatement, only adding the additional element of 'realization,' 'appreciation,' or some kind of knowledge on the part of the Defendants of the conferral of the benefit by the Plaintiff" and concluding that class certification was appropriate where indirect purchaser plaintiffs indicated they will present common evidence establishing this additional element). Regardless, this element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11. |
| MI | "Unjust enrichment is a cause of action to correct a defendant's unjust retention of a | <u>Direct Benefit</u> |

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| | benefit owed to another." *Wright v. Genesee Cty.*, 504 Mich. 410, 417, 934 N.W.2d 805, 809 (2019) (citing the Restatement (First) of Restitution, § 1, comment *a*, pg. 220 F.R.D. 67212). <br><br> "Taken together, the Restatement sets forth a four-part test for claims of unjust enrichment: (1) the unjust; (2) retention of; (3) a benefit received, (4) at the expense of another." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 697 (S.D. Fla. 2004) | The case that Defendants rely on does not require a direct benefit. *Hudson & Muma, Inc. v. Wolf-Hulbert Co., LLC*, No. 288346, 2010 WL 1330342, at *5 (Mich. Ct. App. Apr. 6, 2010) ("Unjust enrichment occurs, then, where the defendant has received a benefit from the plaintiff, but it would be inequitable to allow the defendant to retain that benefit."); *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1021 (E.D. Mich. 2014) ("Michigan law does not require a benefit to be conferred directly by plaintiff to a defendant.") |
| MN | "To establish an unjust enrichment claim, the claimant must show that the defendant has knowingly received or obtained something of value for which the defendant in equity and good conscience should pay. Unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in | <u>Adequate remedy at law</u> <br> This is not an issue to be decided at class certification. If this rule barred plaintiffs in Massachusetts from recovery, it would apply to all purchasers in Massachusetts. And IPPs are entitled to plead unjust enrichment as an alternative theory of recovery. *In re Zetia (Ezetimibe) Antitrust Litig.*, No. CV 2:18-MD-2836, 2019 WL 1397228, at *37 (E.D. Va. Feb. 6, 2019), *report and recommendation adopted as modified*, 400 F. Supp. 3d 418 (E.D. Va. 2019); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 915 (E.D. Pa. 2012); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 237 (M.D. Pa. 2010). Regardless, this element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11. <br><br> <u>Defendant's wrongful conduct</u> |

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| | the sense that the term unjustly could mean illegally or unlawfully." *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012). | Defendants fail to explain how price-fixing would not satisfy a wrongful conduct requirement. *See ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) ("'Unjustly' could mean illegally or unlawfully."); *see also In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 917 (E.D. Pa. 2012) (denying dismissal of indirect purchaser plaintiffs' unjust enrichment claims under Minnesota law based on allegations of price-fixing).<br><br>Illegally or Unlawfully<br>*See* above regarding Defendants' wrongful conduct. |
| MS | "Unjust enrichment applies to situations where there is *no legal contract* and 'the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." *Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365, 371 (Miss. 2013) (internal citations omitted). | Mistake of fact<br><br>Unjust enrichment does not require a showing of mistake of fact, but mistake of fact satisfies unjust enrichment. *Willis v. Rehab Sols., PLLC*, 82 So.3d 583, 588 (Miss. 2012) ("The law is clear that unjust enrichment applies when one party has mistakenly paid another party."); *see also In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665, 709 (E.D. Pa. 2014), *on reconsideration in part sub nom. In re Suboxone (Buprenorphine Hydrochloride & Nalaxone) Antitrust Litig.*, No. 13-MD-2445, 2015 WL 12910728 (E.D. Pa. Apr. 14, 2015). |
| NY | (1) The other party was enriched<br>(2) At that party's expense<br>(3) It is against equity and good conscience to permit the other party to retain what is sought to | Adequate remedy at law<br><br>This is not an issue to be decided at class certification. If this rule barred plaintiffs in New York from recovery, it would apply to all purchasers in New York. And IPPs are entitled to plead unjust enrichment as an alternative theory of recovery. *In re Zetia (Ezetimibe) Antitrust Litig.*, No. CV 2:18-MD-2836, 2019 WL 1397228, at *37 (E.D. |

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| | be recovered. *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 973 N.E.2d 743, 746 (2012); *see also IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 907 N.E.2d 268, 274 (2009) (citing Restatement (First) of Restitution § 1)). | Va. Feb. 6, 2019), *report and recommendation adopted as modified*, 400 F. Supp. 3d 418 (E.D. Va. 2019); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 915–17 (E.D. Pa. 2012); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 237 (M.D. Pa. 2010). Regardless, this element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11.<br><br>Relationship or connection<br><br>*In re Propranolol Antitrust Litig.*, 249 F. Supp. 3d 712, 729 n.25 (S.D.N.Y. 2017) (noting that in *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 216, 831 N.Y.S.2d 760, 863 N.E.2d 1012 (2007), the Court held that it was inappropriate for End–Payors to substitute unjust enrichment to avoid statutory limitations on treble damages, not that indirect purchasers cannot claim unjust enrichment). |
| NC | (1) that it conferred a benefit on another party;<br>(2) that the other party consciously accepted the benefit, and<br>(3) that the benefit was not conferred gratuitously or by an interference in the affairs of the other party.<br><br>*New Prime, Inc. v. Harris Transp. Co.*, 222 N.C. App. 317, 729 S.E.2d 732 (2012) | Direct benefit<br><br>*New Prime, Inc. v. Harris Transp. Co.*, 222 N.C. App. 317, 729 S.E.2d 732 (2012) (holding that a direct benefit is not required, and that North Carolina's unjust enrichment statute is interpreted in-line with the Restatement (Third) of Restitution and Unjust Enrichment)); *see also Metric Constructors, Inc. v. Bank of Tokyo–Mitsubishi, Ltd.*, 72 Fed.Appx. 916, 921 (4th Cir.2003) ("Under North Carolina law, it is sufficient for a plaintiff to prove that it has conferred some benefit on the defendant, without regard to the directness of the transaction."); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 930–32 (E.D. Pa. 2012) (rejecting Defendants argument and discussing the case Defendants cite).<br><br>Adequate remedy at law<br><br>This is not an issue to be decided at class certification. If this rule barred plaintiffs in North Carolina from recovery, it would apply to all purchasers in North Carolina. And IPPs are entitled to plead unjust enrichment as an alternative theory of recovery. *In re* |

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| | | *Zetia (Ezetimibe) Antitrust Litig.*, No. CV 2:18-MD-2836, 2019 WL 1397228, at *37 (E.D. Va. Feb. 6, 2019), *report and recommendation adopted as modified*, 400 F. Supp. 3d 418 (E.D. Va. 2019); *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 915–17 (E.D. Pa. 2012); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 237, 241–42 (M.D. Pa. 2010). Regardless, this element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11.<br><br>Consciously accepted<br>This element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11. |
| OR | *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 121, 404 P.3d 912, 916–21 (2017) (Discussing unjust enrichment in detail, rejecting the elements that Defendants rely on, and citing with approval the Restatement (Third) of Restitution and Unjust Enrichment).<br><br>Or. Rev. Stat. Ann. § 646.770 ("Any person…threatened with injury in its business or property by a violation of ORS 646.725 or 646.730 may prosecute a suit for equitable relief."). ORS 646.725 prohibits "Every contract, combination in the form of trust or otherwise, or | Awareness<br><br>*Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 130–31, 404 P.3d 912, 920 (2017) (noting that "an element that requires awareness by the recipient that a benefit has been received does not accurately apply to all unjust enrichment claims"). Regardless, this element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11. |

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| | conspiracy in restraint of trade or commerce.<br><br>"An unjust enrichment plaintiff must ordinarily allege receipt of a benefit by the defendant at plaintiff's expense and that it would be inequitable or unjust for defendant to accept and retain the benefit…. Indeed, unjust enrichment laws are materially the same throughout the United States."<br>*In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *22 (E.D. Va. Sept. 18, 2019) (internal citations omitted); | |
| TN | (1) a benefit conferred upon the defendant by the plaintiff;<br>(2) appreciation by the defendant of such benefit;<br>(3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. | <u>Absence of a legal remedy</u><br><br>In *Freeman Industries*, the court stated that "to maintain an action for unjust enrichment, a plaintiff is not required to exhaust all remedies against the party with whom the plaintiff is in privity if the pursuit of the remedies would be futile. 172 S.W.3d at 526. Here, there are no allegations that the resellers engaged in the price-fixing conspiracy. Therefore, IPPs' remedies against the entities whom the plaintiffs are in privity of contract—the resellers—would be futile. *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1027 (E.D. Mich. 2014); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 242 (M.D. Pa. 2010); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009). |

**APPENDIX B**

| State | Unjust Enrichment Basic Elements | No Material Differences[18] |
|---|---|---|
| | *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) | <u>Appreciation by the Defendant</u><br><br>This element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11. |
| **WI** | (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable to do so.<br><br>*Sands v. Menard*, 2017 WI 110, ¶ 30, 379 Wis. 2d 1, 18, 904 N.W.2d 789, 798. | <u>Appreciate or Has Knowledge</u><br><br>This element is included in IPPs' Proposed Additional Jury Verdict Form attached as Exhibit 11. *See In re Terazosin Hydrochloride*, 220 F.R.D. 672, 697 (S.D. Fla. 2004) (holding that the appreciation requirement does not bar class certification in an antitrust case) |