# EXHIBIT 10

**ROBINS KAPLAN**LLP

399 PARK AVENUE
SUITE 3600
NEW YORK NY 10022

212 980 7400 TEL
212 980 7499 FAX
ROBINSKAPLAN.COM

RECEIVED
DEC 17 2018

William V. Reiss
WReiss@RobinsKaplan.com
212-980-7408

*Via Federal Express – Signature Required*

December 14, 2018

Lynn Kanaga Brugh, IV, Esq.
Brendan O'Toole, Esq.
Calvin Wooding Fowler, Jr., Esq.
Williams Mullen
P.O. Box 800
Richmond, Virginia 23218

Re: Notification of Violation of Massachusetts General Law Chapter 93A
*Dellatore, et al. v. Masonite Corp. et al.*, 18-cv-00861 (E.D. Va.).

To Whom It May Concern:

Under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, I hereby make written demand for relief as outlined in that statute.

Our firm has filed an action on behalf of three Classes consisting of persons and entities who purchased interior molded doors in the United States from at least as early as October 24, 2012 through the present (the "Class Period") indirectly from either Masonite Corporation ("Masonite") or JELD-WEN, Inc. ("Jeld-Wen") (collectively referred to herein as "Defendants"), their subsidiaries, affiliates, or joint-ventures for their own use and not for resale.

The Complaint alleges that Masonite and Jeld-Wen together colluded and agreed to fix prices of interior molded doors and conspired to monopolize the interior molded doorskin market. Defendants have also jointly sought to eliminate competition in the interior molded door market by halting their longstanding practices of supplying interior molded doorskins, a necessary component of interior molded doors, to smaller interior molded door manufacturers. For example, pursuant to Defendants' unlawful agreement, Masonite announced in 2014 that it would no longer sell interior molded doorskins to other interior molded door manufacturers.

These collusive pricing practices have harmed members of the Classes, who have paid more for interior molded doors than they would have paid absent Defendants' unlawful conduct. As a direct and proximate result Defendants'

December 14, 2018
Page 2

*Via Federal Express – Signature Required*

---

conspiracies to: (i) monopolize the market for interior molded doorskins; and (ii) fix prices of interior molded doors, members of the Classes paid more during the Class Period for interior molded doors than they otherwise would have paid in a competitive market and have, therefore been injured.

Masonite and Jeld-Wen's participation in this collusive scheme to fix prices of interior molded doors is a direct violation of Massachusetts General Law Chapter 93A § 2(a), which states: "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." This violation of law was committed willfully, knowingly, and in bad faith.

As a remedy for Defendants' illegal conduct, we demand payment of the maximum damages permitted by law, including at a minimum the $25 statutory damages per class member, together with all related costs and attorneys' fees that the members of the Classes have incurred to date and up until Defendants provide a reasonable, written offer of settlement within 30 days of the mailing of this demand.

Please be advised that if Defendants fail to respond within the thirty day time period prescribed by Massachusetts General Law Chapter 93A § 9(3), or if Defendants respond within that time period, but a court later determines that any tender Defendants offer was not reasonable in relation to injury actually suffered members of the Classes, then Defendants shall be liable for up to three times, but not less than two times, the amount of such damages. A court will award such damages if it finds that Defendants' conduct was a willful or knowing violation of § 2 of Massachusetts General Law Chapter 93A or that Defendants' refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violation § 2 of Massachusetts General Law Chapter 93A.

Sincerely,

William V. Reiss
**Robins Kaplan LLP**