# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Civil Action No. 3:18-cv-00850-JAG |

**PROPOSED ADDITIONAL VERDICT FORM QUESTIONS[1]**

**I. VIOLATIONS OF STATE ANTITRUST STATUTES**

    **A. Common Questions for Liability: All States[2]**

        a. Have IPPs proven Defendants engaged in a contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce?

        b. Have IPPs proven that Defendants violation of state antitrust laws caused IPPs injury?

        c. Have IPPs proven that Defendants' violation of state antitrust laws caused IPPs to suffer damages?

    **B. State-Specific Question for Awarding Treble Damages [to be answered only if the jury returns a verdict in favor of plaintiffs on their antitrust claims].**

        a. Have IPPs proven that Defendants' violation of state antitrust laws was flagrant?

---

[1] This Additional Verdict Form can easily be amended pursuant to any ruling by this Court.

[2] The antitrust statutes of Arizona, Hawaii, Kansas, Michigan, New Hampshire, Oregon, Utah, and West Virginia have federal harmonization provisions. *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-00718-JAG, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019); *see also* Ariz. Rev. Stat. Ann. § 44-1412; Haw. Rev. Stat. § 480-3; Kan. Stat. Ann. § 50-163(b); Mich. Comp. Laws Ann. §§ 445.784(2); N.H. Rev. Stat. § 356:14; Or. Rev. Stat. § 646.715(2); Utah Code Ann. § 7 6-10-3118; W.Va. Code Ann.§ 47-18-16. The antitrust statutes of California, Maine, Minnesota, Mississippi, New York, North Carolina, North Dakota, Tennessee, and Wisconsin are interpreted consistently with federal antitrust law. *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734 at *16; ECF No. 180-2 (State Antitrust Statutes Chart); Appendix B.

           **i.** Arizona, Michigan, New Hampshire, and North Dakota.[3]

## II. VIOLATIONS OF STATE CONSUMER PROTECTION STATUTES

### A. Common Questions for Liability.

    **a.** Have IPPs proven that Defendants violated state antitrust laws?

        **i.** Arizona, Florida, Maine, Massachusetts, North Carolina, New Hampshire, New Mexico, South Carolina, West Virginia,[4] California.[5]

    **b.** Have IPPs proven that Defendants engaged in unconscionable or unfair conduct?

        **i.** Arkansas, California, Oregon, Tennessee.[6]

## III. VIOLATIONS OF STATE UNJUST ENRICHMENT LAWS

    **a. Common Questions for Liability:**[7] **All States.**[8]

        **i.** Have IPPs proven that:

            **1.** Defendants received a benefit;

            **2.** At the IPPs' expense; and

            **3.** That it would inequitable or unjust for Defendants to accept and retain the benefit?

    **b. State-specific Questions for Liability**

---

[3] *See* Ariz. Rev. Stat. Ann. § 44-1408; Mich. Comp. Laws Ann. § 445.778; N.H. Rev. Stat. Ann. § 356:11; N.D. Cent. Code Ann. § 51-08.1-08.

[4] Statutes with FTC Act Harmonization provisions. *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *19–20 (noting "[t]he standard of 'unfairness' under the FTC Act ... encompass[es] ... practices that violate the Sherman Act and the other antitrust laws.") (citation omitted); N.H. Rev. Stat. § 358-A:13; N.M. Stat. § 57-12-4; W. Va. Code § 46A-6-101.

[5] Statute that requires proof that Defendants violated another law. Appendix B.

[6] *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *20; Appendix B; ECF No. 180-3.

[7] *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *22.

[8] IPPs bring claims under the Unjust Enrichment laws of the following States: Arizona, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New York, North Carolina, Oregon, Tennessee, and Wisconsin. ECF No. 134 at ¶ 246.

       **i.** Have IPPs proven that Defendants appreciated or had knowledge of the conferral of the benefit by IPPs?

          **1.** Massachusetts, Maine, North Carolina, Oregon, Tennessee, Wisconsin.[9]

      **ii.** Have IPPs proven that there is no other adequate remedy at law?

          **1.** Massachusetts, Minnesota, New York, North Carolina.[10]

---

[9] *See* Appendix B.
[10] *See* Appendix B.