# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Civil Action No. 3:18-cv-00850-JAG |

**[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND DEFENDANTS AND ENTERING DISMISSAL WITH PREJUDICE AS TO DEFENDANTS**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Settlement Agreement between Indirect Purchaser Plaintiffs ("IPPs") and Defendants JELD-WEN, Inc. ("JELD-WEN") and Masonite Corporation ("Masonite") (collectively, "Defendants") set forth in the Settlement Agreement, dated September 4, 2020, relating to the Action. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed, has determined that (1) the Settlement Agreement should be approved, and (2) there is no just reason for delay of the entry of this final judgment approving the Settlement Agreement ("Judgment"). Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The definitions of terms set forth in the Settlement Agreement are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Robins Kaplan LLP, Gustafson Gluek PLLC, and Joseph Saveri Law Firm, previously appointed by the Court as Interim Co-Lead Class Counsel, are appointed as Counsel for the Settlement Class. These firms have, and will, fairly and competently represent the interests of the Settlement Class.

3. The Court has jurisdiction over the subject matter of this litigation, over the Action, and over the parties to the Settlement Agreement, including all members of the Settlement Class.

4. Plaintiffs, having filed a complaint in the Action alleging that the Defendants conspired to artificially increase and fix the prices for Interior Molded Doors, and the Defendants, having denied IPPs' allegations and having represented they would assert defenses thereto, have entered into the Settlement Agreement to settle the Action without admitting liability, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation; to obtain the releases, orders, and judgment contemplated by the Settlement Agreement; and to put to rest with finality any and all claims that have been or could have been asserted against the Defendants arising out of or related to the allegations in this Action. Pursuant to the Settlement Agreement, the Defendants have agreed to provide specified monetary compensation to IPPs ($9,750,000.00 by each Defendant ($19,500,000.00 total for both Defendants)).

5. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against the Defendants, with IPPs and the Defendants to bear their own costs and attorneys' fees except as provided herein.

7. All persons and entities that are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual, representative, or derivative capacity, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action, or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

8. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement at paragraph 29.

9. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Interim Co-Lead Class Counsel; (d) any application for service awards for the Plaintiffs; and (e) the distribution of the settlement proceeds to members of the Settlement Class.

**12. [No one has timely and validly requested exclusion from the Settlement Class.—OR--Claimants that have validly requested exclusion from the Settlement Class are set out in Exhibit A to this Order.]**

13. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the parties shall be returned to their respective positions ex ante, except that IPPs shall not be obligated to reimburse Defendants for expenses incurred in connection with notice and administration of the Settlement Agreement up to $500,000 for each Defendant.

14. Defendants' cash payments under the Settlement Agreement are $9,750,000.00 for JELD-WEN and $9,750,000.00 for Masonite. JELD-WEN will deposit $9,250,000.00 and Masonite will deposit $9,250,000.00 (i.e., the Settlement Amount less the $500,000.00 previously deposited by each Defendant for expenses incurred by Co-Lead Class Counsel in connection with notice and administration of the Settlement Class) into the Escrow Account previously established in the Court's preliminary approval order, not later than ten (10) business days after the entry of this Final Approval Order. That account is, and remains, a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

15. The Court finds, pursuant to Rules 54(a) and (b) that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment as a final judgment as to the parties to the Agreement.

16. Accordingly, the Court hereby determines that there is no just reason for delay and hereby directs entry of this Judgment as a final judgment pursuant to Rule 54(b) and directs the Clerk to enter Judgment forthwith.

IT IS SO ORDERED.

DATED: _____, 2021         _____
                                     Hon. John A. Gibney
                                     United States District Judge

**[EXHIBIT "A" TO FINAL APPROVAL ORDER AND JUDGMENT
PERSONS AND ENTITIES REQUESTING EXCLUSION
FROM THE SETTLEMENT CLASS]**