**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **IN RE: INTERIOR MOLDED DOORS ANTITRUST LITIGATION** | **Lead Civil Action No. 3:18-cv-00718-JAG** |
| **IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION** | **Lead Civil Action No. 3:18-cv-00850-JAG** |

**DEFENDANT MASONITE CORPORATION'S MEMORANDUM
IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

Defendant Masonite Corporation ("Masonite") respectfully asks the Court to temporarily stay its September 3, 2020, Order (DPP ECF 241; IPP ECF 223) ("Order") unsealing certain documents until such time as the Fourth Circuit has ruled on Masonite's appeal of (1) the Order and (2) the Order Denying Reconsideration of such Order (DPP ECF 249; IPP ECF 230) ("Reconsideration Order") (together, the "Unsealing Orders"). Further, Masonite requests that the Court also stay the deadline to file any Omnibus Motions to Seal materials filed with Defendants' oppositions to Plaintiffs' class certification motions and Plaintiffs' replies thereto. Those materials were not part of Plaintiffs' sealing motions that the Court resolved in its Order. Pursuant to this Court's July 1, 2020, Amended Stipulation and Order Regarding Motions to Seal (DPP ECF 229; IPP ECF 210), any Omnibus Motions to seal those additional materials are due on October 16, 2020. Because the Omnibus Motions will seek to protect from public disclosure

information similar to that at issue in the Court's Order, the substance of any Omnibus Motions will be virtually identical to the matters at issue in the appeal.[1]

The Court should grant this motion because not doing so would effectively deny Masonite a right to appeal and deprive affected third parties from a right to be heard at all. At present, the Court has ordered the parties to file public versions of Plaintiffs' class certification motion documents by October 3, 2020, and Masonite's appeal of the Unsealing Orders will necessarily extend beyond that date. Moreover, counsel for the Indirect Purchaser Plaintiffs ("IPPs") informed Masonite that, unless the Court orders otherwise, they intend to publicly file on October 2, 2020, all of their opening class certification materials that are subject to the Order, as well as those submitted in reply, even though the Omnibus Motions to seal the reply materials are not due until October 16. Unless this Court's Order is stayed, IPPs will proceed with their public filings, depriving Masonite (and any affected third parties) of the Fourth Circuit's review before being subjected to the irreparable harm that public disclosure of highly confidential business information will cause. For that reason, Masonite respectfully requests that the Court stay the Order to allow an opportunity to present its arguments on appeal. In the alternative, Masonite moves the Court to stay the Order at least until the Fourth Circuit rules on Masonite's Application for Emergency Stay.

**ARGUMENT**

In considering a motion to stay pending appeal, district courts consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits;

---

[1] Masonite has conferred with Plaintiffs about this motion. IPPs stated that they do not oppose staying public disclosure of third parties' confidential information, but they do oppose staying public disclosure of Defendants' confidential information. The Direct Purchaser Plaintiffs ("DPPs") stated that they take no position on this motion.

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (internal citations omitted); *see also Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 474 (E.D. Va. 2011). Masonite satisfies each factor.

> i. *Masonite Has Shown that the Sealing Issue Could be Rationally Resolved in Its Favor.*

"In assessing the likelihood of success on appeal, the standard does not require the trial court to change its mind or conclude that its determination on the merits was erroneous. Rather, the court must determine whether there is a strong likelihood that the issues presented on appeal could be *rationally* resolved in favor of the party seeking the stay." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16cv534(JCC/IDD), 2016 WL 3346349, at *2 (E.D. Va. June 16, 2016) (emphasis added) (internal quotation marks omitted); *see also Brinkman v. John Crane, Inc.*, No. 4:14CV142, 2015 WL 13424471, at *1 (E.D. Va. Dec. 14, 2015) (first factor satisfied where party seeking stay "established sufficiently that their appeal presents a 'substantial legal question'" and noting that a party "need not prove to the district court that its chances of prevailing on appeal are greater than fifty percent"); *Wolfe v. Clarke*, 819 F. Supp. 2d 574, 583 (E.D. Va. 2011) (granting a stay pending appeal despite finding that the party requesting the stay had not shown a likelihood of success on the merits).

Here, the question of whether the documents at issue should be unsealed "could be rationally resolved in favor of" Masonite on the basis that those documents are not "judicial records" entitled to the presumption of public access. *In re App. of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Documents filed with a court are not "judicial records" unless they "play a role in the adjudicative process, or adjudicate substantive

Case 3:18-cv-00850-JAG   Document 232   Filed 09/28/20   Page 4 of 10 PageID# 6225

rights." *Id.* The documents subject to unsealing under the Order were filed in support of Plaintiffs' motions for class certification, which this Court denied as moot. *See* DPP ECF 246; IPP ECF 227. Therefore, the Court did not rely on those materials in any judicial decision, rendering their value to the public negligible if not nonexistent. *S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013) ("[T]he concept of a judicial record assumes a judicial decision, and with no such decision, there is nothing judicial to record." (internal quotation marks omitted)). Even if this Court disagrees, the nature of the documents at issue as non-judicial records provides an independent basis on which the Fourth Circuit could rationally decide that the documents should not be unsealed.

Alternatively, the Fourth Circuit could rationally conclude that the competitive harm to Masonite that will result from the Unsealing Orders outweighs any public interest in access to the currently sealed information—even if that public interest existed. *See* Defs.' Mem. in Supp. of Mot. for Partial Recons., DPP ECF 248; IPP ECF 229. "[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). Public disclosure of Masonite's customer-specific pricing information will harm its competitive standing by permitting competitors to extrapolate current pricing and strategy. *See, e.g.*, *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 891–92 (E.D. Pa. 1981) ("[O]ld business data may be extrapolated and interpreted to reveal a business' current strategy, strengths, and weaknesses. It would appear that, in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes."). That will provide competitors with a competitive advantage at Masonite's expense. *See* Defs.' Mem. in Supp. of Mot. for Partial Recons., DPP ECF 248; IPP ECF 229. Disclosure also will adversely affect Masonite's relationships with its customers, who will inevitably demand to renegotiate their pricing based on Masonite's pricing to

4

other customers. *See id*. Disclosure also could lead to the very type of purported anticompetitive harm this litigation was initiated to address. *See Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986) (noting that granting access to historical price data "could turn an antitrust suit into the basis for effective collusion"). Masonite thus satisfies the first factor.

   *ii.*  *Masonite Will Suffer Irreparable Harm in the Absence of a Stay.*

Masonite also satisfies the second factor, as it will be irreparably harmed by losing is right to appeal the Unsealing Orders once Plaintiffs' class certification materials become public. *See, e.g.*, *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (granting stay pending appeal where the absence of a stay would moot appeal and noting that the mooting of the appeal would cause irreparable injury); *Wolfe*, 819 F. Supp. 2d at 583 (agreeing with moving party that he would "suffer irreparable injury in the absence of a stay because his right to pursue an appeal of this Court's judgment would be frustrated" in the absence of a stay). To this end, numerous Courts of Appeals recognize that orders unsealing documents are effectively unappealable once the information enters the public domain. *See, e.g.*, *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357–58 (Fed. Cir. 2020) (noting that the orders are "effectively unreviewable on appeal from a final judgment" because "once the parties' confidential information is made publicly available, it cannot be made secret again"); *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (noting that an order denying a motion to seal is effectively unreviewable because "unsealing a document cannot be undone, for [s]ecrecy is a one-way street and [o]nce information is published, it cannot be made secret again.") (internal quotation marks and citations omitted); *Al Odah ex rel. Al Odah v. U.S.*, 559 F.3d 539, 544 (D.C. Cir. 2009) (invoking the collateral-order doctrine to exercise jurisdiction over an appeal of an order compelling the government to share classified information and explaining that "[o]nce the

information is disclosed, the 'cat is out of the bag' and appellate review is futile") (citation omitted).

"This rationale is even more persuasive where, as here, [third parties were] required to produce potentially sensitive documents." *Vantage Health Plan, Inc.*, 913 F.3d at 449. "The harm to third parties is . . . the disclosure of their confidential and sensitive information without full access to appellate review. Third parties have no power to control the course of litigation nor any influence over appeal from a final judgment." *Id.* As noted in the memorandum in support of Masonite's Motion for Partial Reconsideration (DPP ECF 248; IPP ECF 229), Plaintiffs' sealing motions urged sealing of various third-party information, but the Court's Order and underlying Opinion did not address that third-party information (other than ordering its disclosure), and those third parties have not been given an opportunity to be heard. Thus, the lack of appellate review will cause irreparable harm to Defendants and third parties alike.

Separately, absent a stay, Masonite will be compelled to publicly file extremely sensitive business strategy and pricing information, which will result in irreparable harm. As stated above, the unsealing of competitively sensitive business strategy and pricing documentation would harm Masonite's ability to compete with competitors and maintain current customer relationships. *See RGIS, LLC v. Gerdes*, 817 F. App'x 158, 163 (6th Cir. 2020) (upholding a district court's grant of a temporary injunction and citing with approval the lower court's finding that harm to an ability to compete constitutes irreparable harm). *See also Project Vote/Voting for Am.*, 275 F.R.D. at 474–75 (E.D. Va. 2011) (granting stay pending appeal where, absent a stay, confidential

6

information would be disclosed before the appeal could be decided, which was irreparable harm). Thus, the second factor also weighs in favor of a stay.

        *iii.*     *The Issuance of a Stay will Not Substantially Injure Interested Parties.*

Issuance of a stay will not injure, let alone substantially injure, other parties interested in this proceeding. Instead, a stay will protect interested parties with substantial, genuine interests in keeping the subject information under seal. As an initial matter, no other party to this litigation— *i.e.* neither the Plaintiffs nor Defendant JELD-WEN—has any legitimate interest in public disclosure of Masonite's pricing information. Whether Masonite's pricing information remains under seal or is made public should have no effect on them. And there have been no other "interested parties" that have sought access to the currently sealed information. As Masonite noted in its memorandum in support of its Motion for Partial Reconsideration (DPP ECF 248; IPP ECF 229), Plaintiffs provided public notice of their sealing motions, and no member of the public opposed the motions or otherwise sought to unseal Masonite's pricing information. Moreover, as explained above, anyone who may seek access to the documents at issue is not entitled to such access because those documents are not judicial records. Even if the common law right of access attached to the information, a brief delay to that access during the pendency of appeal would not cause substantial injury. There is no urgent, pressing public interest to unseal the documents at issue, and no harm would result from a temporary stay.

On the other hand, there is likely substantial harm to interested parties if a stay is *denied*. In addition to the harm to Defendants described above, several of Masonite's third-party customers have expressed serious concern about the public disclosure of their confidential information, but have had insufficient time to assess the information in order to determine whether they need to seek an order of protection. *See* Exhibit C-3 to Defs.' Mem. in Supp. of Mot. for Partial Recons.,

7

DPP ECF 248; IPP ECF 229.  For instance, third-party customer OrePac expressed "grave concern about potential public disclosure of its confidential, commercial information," which it provided in "explicit reliance upon the confidentiality provided by the stipulated protective orders that govern those cases."  *Id.*  As such, a stay will not *harm* any interested party but will instead *protect* the genuine interests of such parties who have made themselves known.

        *iv.*     *The Public Interest Compels a Temporary Stay Pending Appeal.*

Finally, a stay pending appeal is in the public interest here.  First, as members of the public, the third parties whose confidential information would be disclosed under the Order have a strong interest in the stay.  *See Project Vote/Voting for Am.*, 275 F.R.D. at 475 (finding the public interest favored a stay because of irreparable harm risked by the disclosure of confidential information in voter registration applications, "without any way to restore its confidentiality if [the district] court's judgment is ultimately reversed").  Second, a stay promotes the public interest by ensuring that parties receive an adequate opportunity to appeal an adverse decision that would negatively affect their ability to fairly compete in their industry.  Merely being named a party in a lawsuit—and defending against a lawsuit's accusations to the fullest extent required—should not result in the effectively unappealable public disclosure of business information that will harm that defendant's competitive standing.  *See Nixon v. Warner*, 435 U.S. at 598.

## CONCLUSION

For these reasons, Masonite respectfully asks the Court to stay pending appeal (1) the effect of the Unsealing Orders and (2) the deadline for parties to file any Omnibus Motions to Seal.  In the alternative, Masonite asks that the Court stay these deadlines until the Fourth Circuit has had the opportunity to rule on Defendant's Application for Emergency Stay.

Dated: September 28, 2020

                        MASONITE CORPORATION

                By: */s/ Brendan O'Toole*
                      Brendan O'Toole
                      Virginia State Bar No. 71329
                      Counsel for Defendant
                      WILLIAMS MULLEN
                      200 South 10th Street, Suite 1600
                      Richmond, Virginia 23219
                      Telephone: (804) 420-6000
                      Facsimile: (804) 420-6507
                      botoole@williamsmullen.com

                      Calvin W. Fowler, Jr. VSB No. 27982
                      Lynn K. Brugh, IV, VSB No. 36778
                      Gregory Crapanzano, VSB No. 93044
                      WILLIAMS MULLEN
                      200 South 10th Street, Suite 1600
                      Richmond, Virginia 23219
                      Telephone: (804) 420-6000
                      Facsimile: (804) 420-6507
                      wfowler@williamsmullen.com
                      lbrugh@williamsmullen.com
                      gcrapanzano@williamsmullen.com

                      Nathan P. Eimer (*pro hac vice*)
                      Vanessa G. Jacobsen (*pro hac vice*)
                      Benjamin Waldin (*pro hac vice*)
                      EIMER STAHL LLP
                      224 S. Michigan Avenue, Suite 1100
                      Chicago, IL 60604
                      Telephone: (312) 660-7600
                      Facsimile: (312) 692-1718
                      neimer@eimerstahl.com
                      vjacobsen@eimerstahl.com
                      bwaldin@eimerstahl.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically e-mail notification of such filing to all counsel of record.

To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

By: */s/ Brendan O'Toole*
Brendan O'Toole
Virginia State Bar No. 71329
Counsel for Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
botoole@williamsmullen.com