IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS ANTITRUST LITIGATION | Civil Action No. 3:18-CV-00718-JAG |
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 3:18-CV-00850-JAG |

**NON-PARTIES' JOINT BRIEF
IN RESPONSE TO THE COURT'S OCTOBER 7, 2020 ORDER**

BMC Stock Holdings, Inc. ("BMC"), Huttig Building Products, Inc. ("Huttig"), Menard, Inc. ("Menard"), and OrePac Building Products, Inc. ("OrePac") (collectively, the "Non-Parties") respectfully submit this joint brief in response to the Court's October 7, 2020 Order (Doc. No. 267).[1] The Non-Parties agree with Defendants (Doc. No. 273) (1) that this Court had jurisdiction to stay its September 3 and 25, 2020 Orders (Doc. Nos. 223 & 230) and (2) that the pending appeal limits the Court's ability to reconsider those Orders now. The Non-Parties write separately to clarify that the Court retains jurisdiction to grant other relief to protect their confidential information from disclosure, which the Non-Parties have requested.[2]

**RELEVANT BACKGROUND**

The Non-Parties produced competitively sensitive information in response to subpoenas served in these cases (Doc. Nos 251-2 ¶ 6, 262 ¶ 8; *see also* Doc. No. 229-3 at 4, 6, 10), designating the materials for Highly Confidential treatment under a Stipulated Protective Order.

---

[1] The record citations in this brief refer to the docket entries in Case No. 3:18-cv-00850.

[2] The Non-Parties recognize that the Court has not yet ruled on their pending motions. Accordingly, they respectfully offer this brief for the Court's consideration in the event the Court is inclined to hear from them.

(Doc. No. 67.) Unbeknownst to the Non-Parties, their information was incorporated into expert reports and briefs that were filed under seal. (*See* Doc. Nos. 177, 179, 180, 180-1.)

On September 3, 2020, the Court entered an Order directing the unsealing of these filings (the "Unsealing Order"). (Doc. No. 223.) In mid-September, after the Unsealing Order was entered, the Non-Parties learned for the first time that their competitively sensitive information had been filed and might be unsealed. (*See* Doc. No. 251-2.)

Upon learning this, the Non-Parties sought relief from the Court:

- Huttig moved "to immediately intervene in these actions and defend against the public release of its confidential and commercially sensitive business information" through a Motion to Intervene (Doc. No. 235 at 1) and a contemporaneous Motion to Seal (Doc. No. 238).

- Ore-Pac and Menard separately moved to intervene for the purposes of seeking a stay of the Unsealing Order and "filing of such further motions as may be necessary to protect [their] confidential information from public disclosure." (Doc. No. 244 at 1; Doc. No. 259 at 1.)

- BMC sought reconsideration of the Unsealing Order and also a protective order to prevent disclosure of BMC's information and to maintain the information under seal at least "until such time as BMC can be given access to it, review it, and make its own motion to seal and/or redact the documents at issue." (Doc. No. 250 at 1.)

Although each of the Non-Parties framed its request for relief in slightly different terms, all sought essentially the same thing: an opportunity to be heard and to protect their sensitive information against public disclosure. In this regard, the Non-Parties' motions raise matters unrelated to the pending appeal, meaning that this Court retains jurisdiction to hear them.[3]

---

[3] The Non-Parties agree with Defendants that this Court lacks jurisdiction to reconsider the Unsealing Order, but that the Court may issue an indicative ruling on the matter. (Doc. No. 273 at 5 (citing Fed. R. Civ. P. 62.1(a); *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999))). As shown above, reconsideration is only one form of relief that the Non-Parties seek.

## ARGUMENT

**THE COURT RETAINS JURISDICTION TO ADJUDICATE ASPECTS OF THE NON-PARTIES' MOTIONS NOT INVOLVED IN THE APPEAL.**

"[A]n appeal divests a trial court of jurisdiction *over those aspects of the case involved in the appeal*." *Crutchfield v. U.S. Army Corps of Engineers*, 230 F. Supp. 2d 673, 679 (E.D. Va. 2002) (emphasis in original) (quoting *Fobian*, 164 F.3d at 890); *see Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991) (notice of appeal transferred jurisdiction of "all matters relating to the appeal"). The district court, however, retains jurisdiction to rule on matters not involved in the appeal. *See Williams v. BIC Picture Loans, LLC*, No. 3:17-CV-461, 2019 WL 8107919, at *3 (E.D. Va. Jan. 23, 2019).

The Non-Parties' motions seek relief not involved in the pending appeal—over which this Court retains jurisdiction—for two primary reasons.

First, because this Court has never directly considered or adjudicated the merits of whether the Non-Parties' information should be protected from public disclosure, that issue *cannot* be the subject of an appeal. The Non-Parties never received notice prior to the Unsealing Order, so they never presented argument on what protections their own information should be afforded. (*See* Doc. Nos 229-3 at 10, 236 at 1, 251-2 ¶ 7, 262 ¶ 11.) Without the benefit of submissions from the Non-Parties, the reasoning in the Court's Unsealing Order understandably concerns the propriety of sealing only Defendants' information. (*See* Doc. No. 222 at 4 ("These considerations outweigh *defendants'* interest in keeping the information under wraps." (emphasis added)).) *This* is the narrow issue on appeal to the Fourth Circuit. Whether the Non-Parties can

make the showing required to justify sealing their confidential information is not part of the pending appeal.[4]

Second, the Non-Parties seek relief separate and apart from the relief adjudicated in the Unsealing Order that can be provided regardless of the outcome of the appeal. (*See* Doc. Nos. 235, 238, 244, 250, 259.) The relief sought by the Non-Parties is different—and broader—than the relief sought by Defendants. For example, BMC has sought a protective order to keep its confidential information from being publicly disclosed. (Doc. No. 250.) Similarly, Huttig, Menard, and OrePac have sought to intervene in an effort to keep their confidential information from being publicly disclosed—and they forecast further motions, as necessary, to protect their interests. (Doc. Nos. 236, 244, 259.) Whether the Fourth Circuit affirms or reverses this Court's decision regarding Defendants' information, its decision will not dictate whether the Non-Parties are entitled to these forms of relief.

The fact that the Non-Parties' pending motions may share common issues of law or fact with the appeal does not affect or limit this Court's jurisdiction to grant the relief the Non-Parties seek. *See, e.g.*, *Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 150 (4th Cir. 2016) (district court retained jurisdiction to enforce original protective order after plaintiff had appealed order modifying protective order); *Williams*, 2019 WL 8107919, at *3 (noting that district court's jurisdiction over issues not on appeal "is not changed by the fact that there are common issues of fact and law" between remaining issues and appeal).

---

[4] With this said, ruling on the Non-Parties' motions during the pendency of the Fourth Circuit appeal could serve the interests of judicial economy and efficiency. If any of the Parties or Non-Parties believes that an appeal from this Court's decisions on the Non-Parties' motions is necessary, such an appeal could be consolidated with the Defendants' pending appeal. Alternatively, if this Court prefers to wait for further guidance from the Fourth Circuit, Non-Parties have no objection to presenting their briefing and arguments for specific redactions to this Court at some later date. The Non-Parties need the opportunity to be heard, before their materials are made public, but have no preference for that happening sooner or later.

**CONCLUSION**

The Non-Parties agree with Defendants (Doc. No. 273) (1) that the Court had jurisdiction to stay the Unsealing Order and (2) that the Court lacks jurisdiction to reconsider the Unsealing Order, but may issue an indicative ruling. Importantly, however, the Court retains jurisdiction to grant the Non-Parties appropriate relief—such as entry of a protective order or leave to intervene—unrelated to the pending appeal of the Unsealing Order.

Dated: October 16, 2020

Respectfully submitted,

**BMC STOCK HOLDINGS, INC.**

By: /s/ Andrew P. Sherrod
Andrew P. Sherrod (VSB No. 45854)
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
asherrod@hirschlerlaw.com

Thomas H. Segars (N.C. Bar No. 29433)
appearing *pro hac vice*
Kelly Margolis Dagger (N.C. Bar No. 44329)
appearing *pro hac vice*
Preetha Suresh Rini (N.C. Bar No. 51022)
appearing *pro hac vice*
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
tom.segars@elliswinters.com
kelly.dagger@elliswinters.com
preetha.rini@elliswinters.com

*Counsel for BMC Stock Holdings, Inc.*

**OREPAC BUILDING PRODUCTS, INC.**

By: /s/ Patrick J. McDonald
Patrick J. McDonald (VSB No. 80678)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
Telephone: (703) 273-8898
pmcdonald@cameronmcevoy.com
*Counsel for OrePac Building Products, Inc.*

**MENARD, INC.**

By: /s/ Timothy D. Belevetz
Timothy D. Belevetz (VSB No. 36110)
ICE MILLER LLP
200 Massachusetts Avenue, N.W., Suite 400
Washington, DC 20001
Telephone: (202) 572-1605
timothy.belevetz@icemiller.com
*Counsel for Menard, Inc.*

**HUTTING BUILDING PRODUCTS, INC.**

By: /s/ Anand Ramana
Anand Ramana (VSB No. 65852)
VEDDER PRICE, P.C.
1401 I Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 312-3325
aramana@vedderprice.com
*Counsel for Huttig Building Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th day of October, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: /s/ Andrew P. Sherrod
Andrew P. Sherrod (VSB No. 45854)
HIRSCHLER FLEISCHER,
A PROFESSIONAL CORPORATION
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
asherrod@hirschlerlaw.com

*Counsel for BMC Stock Holdings, Inc.*