UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Case 3:18-cv-00850-JAG |

MEMORANDUM IN SUPPORT OF MOTION TO DISSEMINATE NOTICE AND PROPOSED CLAIM FORM TO THE INDIRECT PURCHASER PLAINTIFF SETTLEMENT CLASS

Indirect Purchaser Plaintiffs ("IPPs")[1] respectfully move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for: (i) authorization to disseminate notice and the proposed claim form to the Settlement Class; and (ii) for the appointment of Postlethwaite & Netterville, APAC ("P&N") as the Notice Administrator and Settlement Administrator.

I.  **INTRODUCTION**

This motion is brought in connection with the settlement reached in the above-captioned action between IPPs and JELD-WEN, Inc. and Masonite Corporation (together, "Settling Defendants"). On October 8, 2020 (ECF No. 268) and instructing IPPs to file this motion on or before October 29, 2020. The proposed formal preliminary approval order (ECF No. 224-1), which has not yet been entered, contemplates the Court approving IPPs' request for Settlement Class Counsel to disseminate notice to the members of the Settlement Class, including the form of, method for, and date of dissemination of notice. *See id.* at ¶ 17.

---

[1] Unless otherwise indicated, all defined terms have the meaning set forth in the parties' September 4, 2020 Settlement Agreement (ECF No. 226-1).

1

## II. THE PROPOSED NOTICE PLAN SHOULD BE APPROVED AS SATIFYING THE REQUIREMENTS OF RULE 23

IPPs respectfully move the Court for approval of the Notice Plan, the notice forms, the Claim Form and the schedule for implementing the Notice Plan. Upon the Court's approval, the proposed Notice Plan and forms of Notice will be disseminated in a "reasonable manner to all class members who [will] be bound by the proposal" and provide for the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," as required by Rules 23(e)(1) and 23(c)(2)(B) of the Federal Rules of Civil Procedure. IPPs further move for the appointment of P&N as the Notice Administrator for purposes of the implementation of the notice plan and as the Settlement Administrator.

a. The Notice Plan

IPPs propose a multi-faceted and comprehensive Notice Plan to provide notice of the settlement to the members of the Settlement Class. IPPs have retained P&N to develop the Notice Plan and forms of notice for the settlement. P&N routinely develops and executes notice plans and administers a wide variety of class action and mass action settlements, with subject matters including, but not limited to, products liability, consumer, mass tort, antitrust, labor and employment, insurance, and healthcare. The expertise of P&N in legal notice design and implementation is set forth in the accompanying Declaration of Brandon Schwartz Regarding Proposed Notice Plan and Administration ("Schwartz Decl." Ex. 1).

IPPs' proposed Notice Plan, attached as Ex. C to the Schwartz Decl., is designed to reach an estimated 70% of the Settlement Class Members and deliver an estimated 323,000,000 impressions. *See* Schwartz Decl. ¶¶ 26, 28, 39; Ex. 1. The Notice Plan contains the following elements:

- Paid Media (Publication and Internet), Earned and Social Media, a website, and a Toll-Free Telephone Support Line to provide the best notice practicable. *See* Schwartz Decl. ¶ 11.

- P&N will publish the Summary Notice in selected consumer magazines[2], with a combined circulation of approximately 4,600,000. The Summary Notice, and the substantially similar notices, will, in turn, refer potential Settlement Class members to the Call Center and the Settlement Website where they can obtain the Long Form Notice and additional documents and information. *See* Schwartz Decl. ¶¶ 17-19.

- Similarly, P&N will purchase Internet advertising with an estimated 323,000,000 gross impressions across various websites, driving potential members of the Settlement Class to the Settlement Website where they can obtain the Long Form Notice, additional documents, and information. *See* Schwartz Decl. ¶¶ 26, 28.

- P&N will distribute a press release over PRNewswire's US1 and Hispanic Newslines in substantially the same form as the Summary Notice. The press release will be issued broadly to media outlets, including newspapers, magazines, wire services, television, radio, and online media nationally. Combined, the Newslines distribute to more than 20,000 media outlets in the United States. *See* Schwartz Decl. ¶ 29.

- P&N will incorporate a geofence strategy to individuals that visit Home Depot and/or Lowe's locations in the Indirect Purchaser States. When an individual visits one of the more than 1,300 Home Depot or Lowe's locations in the Indirect Purchaser States, they will be added to the "geofence bucket" and served a digital notice while they browse the internet during and after their visit. *See* Schwartz Decl. ¶ 35.

- P&N will purchase a list of approximately 98,000 postal addresses, with 25,000 email addresses included, targeting general contractors, home construction/remodel and handymen businesses in the Indirect Purchaser States. P&N will cause notice in the form of a postcard by United States Postal Service to all mailing addresses in the purchased list. *See* Schwartz Decl. ¶¶ 30-33. In addition, P&N will run the Notice in an estimated three to seven digital newsletters targeting residential contractors, handymen, residential homebuilders, and consumers. *See* Schwartz Decl. ¶ 34.

- P&N will post the Long Form Notice, proposed final judgment, along with other court documents, and the Settlement Agreement, on the specially created website designed to provide notice of the settlements in this litigation, www.InteriorMoldedDoorSettlement.com, which will be made easily findable through searches conducted on the Internet. *See* Schwartz Decl. ¶ 36.

- P&N will establish a toll-free hotline to answer any questions by any potential members of the Settlement Class about the settlement and to provide copies of court approved notices and other documents. *See* Schwartz Decl. ¶ 37.

---

[2] P&N proposes publishing in *Good Housekeeping* and *Family Handyman*. *See* Schwartz Decl. ¶¶ 17-19.

Fed. R. Civ. P. 23(e)(1) requires that notice of the settlement of a class action be given "in a reasonable manner to all class members who would be bound by the proposal," and Fed. R. Civ. P. 23(c)(2)(B) provides that in any class certified under Rule 23(b)(3) "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." IPPs' proposed Notice Plan meets these requirements.

The Long Form Notice will be mailed to each potential Settlement Class Member who requests it in response to the various forms of paid and earned media notice described in detail in the Schwartz Declaration. Schwartz Decl. ¶¶ 11-37, Ex. 1. Further, the Long Form Notice as well as other settlement documents will be available for view, download, and printing at the settlement website www.InteriorMoldedDoorSettlement.com. Schwartz Decl. ¶ 36, Ex. 1.

Because IPPs purchased Interior Molded Doors from third parties, Settling Defendants do not have the names and addresses necessary to enable Settlement Class Counsel to send notice by direct mail to each member of the Settlement Class.[3] Neither Rule 23 nor due process, however, require actual notice to each party for a settlement to be binding. *See, e.g., In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, No. 15-md-2627, 2019 WL 10749716 (E.D. Va. Aug. 23, 2019) (holding that multi-tiered notification program intended to reach 73% of class members was sufficient to bind class member who did not receive actual notice). Rather, due process only requires notice that is reasonably calculated to reach interested parties. *Id. See also Mullane v. Cent. Hanover Bank & Tr.*, 339 U.S. 306, 315 (1950).

---

[3] As detailed above, the Notice Plan does contain a direct notice component. *See* Schwartz Decl. ¶¶ 30-33, Ex. 1.

4

Thus, for example, in *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002), the court determined that where the names and addresses of absent class members were unavailable, publication notice was the best notice practicable under the circumstances. *Id.* at 252. The Third Circuit affirmed, rejecting challenges to the notice. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 536-37 (3d Cir. 2004). *See also In re Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, 2014 UWL 1266091, at *7 (N.D. Cal. Mar. 26, 2014) (approving notice plan consisting solely of publication notice because "the size and nature of the class renders it nearly impossible to determine exactly who may qualify as a class member. . . . That being the case, direct notice to class members by mail, e-mail or other electronic individualized means is impractical."); *In re Heartland Payment Sys. Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1061 (S.D. Tex. 2012) (approving notice plan that consisted exclusively of publication notice because "[Defendants] did not have the names and addresses of those affected by the data breach and could not reasonably request this information for 130 million accounts from the issuer banks."); Manual for Complex Litigation, Fourth § 21.312 at p. 294 (Federal Judicial Center 2004) ("Posting notices and other information on the Internet, publishing short, attention-getting notices in newspapers and magazines, and issuing public service announcements may be viable substitutes for, or more often supplements to, individual notice if that is not reasonably practicable").

b. The Proposed Notice Plan Schedule

As outlined in the Proposed Order submitted herewith, IPPs propose the following notice schedule:

- **December 7, 2020**: P&N launches the toll-free settlement hotline, and publishes the documents on the Settlement Website (Proposed Order at 2);

5

- **December 7, 2020**: P&N commences publication of the Summary Notice; begins online media notice activities, including Internet banner ads; and begins earned media activities. (*id.*);

- **February 11, 2021**:
    - Filing of motion for final approval of the Settlement Agreement (*id.*);
    - Filing of motion for approval of the Plan of Allocation (*id.*);
    - Filing of P&N affidavits/declarations reflecting that mailing, posting, and publication were made in accordance with the Proposed Order (*id.*); and
    - If Settlement Class Counsel so elect, filing of motion for attorneys' fees, reimbursement of expenses and class representative service awards (*id.*).

- **March 15, 2021**: Deadline for Settlement exclusions (opt-outs) (*id.*)

- **March 15, 2021**: Deadline for Settlement objections and comments (*id.*])

- **April 6, 2021**: Deadline for submitting claims (*id.*); and

- **No earlier than April 19, 2021**: Final Fairness Hearing. (*id.* at 2-3).

For the above reasons, IPPs respectfully request that the Court adopt the schedule contained in the Proposed Order.

c. The Form and Content of the Proposed Notices

IPPs also seek approval of the proposed form and content of the Complete (Long Form) and the Summary (Short or Publication Form) Notices, as well as the Claim Form.[4] A form of notice is sufficient if it would be understood by the average class member. 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, § 11.53 (4th ed. 2002). Accordingly, the information required by Rule 23(c)(2)(B) is set forth "clearly and concisely . . . in plain, easily understood language" at the following sections of the notices:

- Nature of the actions—Long Form § 2, Short Form;

---

[4] The Complete and Summary Notices are attached as Exhibits D and E to the Schwartz Declaration.

6

- Settlement Classes' Definition—Long Form § 6, Short Form;

- Settlement Classes' Claims, Issues & Defenses—Long Form § 2, Short Form;

- Right to appear—Long Form §§ 21-22, Short Form;

- Right to exclude/Time & Manner to Request Exclusion—Long Form § 13, Short Form; and

- Binding effect—Long Form § 12, Short Form.

Additionally, the Long Form Notice informs potential Settlement Class Members about the identity of the Settling Defendants; the product included in the settlement; the amount of the settlement; where to access the complete Settlement Agreement and other court documents; how the lawyers may be paid in the future; when the lawyers will file their petition for reimbursement of litigation expenses; Settlement Class Members' right to object or opt out and how to do so; and the date, place and time of the Fairness Hearing, among other information. This additional information conforms with Rule 23(e)'s requirement for distribution of the settlement notice in a reasonable manner. *See In re Outer Banks Power Outage Litig.*, No. 4:17-CV-141, 2018 WL 2050141, at \*6-\*7 (E.D.N.C. May 2, 2018). *See also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 327 (3d Cir. 1998) ("The Rule 23(e) notice is designed to summarize the litigation and the settlement and to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." (internal quotation marks omitted)). Finally, the Long Form Notice explains to potential members of the Settlement Class that a distribution of the Net Settlement Funds will occur at a future time and encourages Settlement Class Members to register with the Settlement Website to obtain information on the plan of allocation, when available, and the filing of claims. *See* Long Form §§ 11, 23.

7

For the reasons stated above, the proposed Notice Plan, notice forms, and Claim Form fulfill the requirements of Rule 23 and due process, and should be approved by the Court.

### III. CONCLUSION

For all of the foregoing reasons, IPPs respectfully request that the Court: (i) approve the proposed Notice Plan and the form and content of the Notices submitted herewith, including the Claim Form; and (ii) appoint P&N Notice Administrator and Settlement Administrator.

Dated: October 29, 2020

Respectfully submitted,

By: /s/
Conrad M. Shumadine

Conrad M. Shumadine (VSB #4325)
**WILLCOX & SAVAGE, P.C.**
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5525
Facsimile: (757) 628-5566
cshumadine@wilsav.com

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Kaitlyn L. Dennis
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
kdennis@gustafsongluek.com

Joseph R. Saveri
Steve Williams
Kyle P. Quackenbush
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
kquackenbush@saverilawfirm.com

William V. Reiss
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Tel: 212-980-7400
Fax: 212-980-7499
WReiss@RobinsKaplan.com

*Co-Lead Counsel for Plaintiffs and the Indirect Purchaser Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically e-mail notification of such filing to all counsel of record.

To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

By:     /s/
        Conrad M. Shumadine (VSB #4325)
        **WILLCOX & SAVAGE, P.C.**
        440 Monticello Avenue, Suite 2200
        Norfolk, Virginia 23510
        Tel: (757) 628-5500
        Fax: (757) 628-5566

        Email: cshumadine@wilsav.com