UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Case 3:18-cv-00850-JAG |

**NOTICE OF INDIRECT PURCHASER PLAINTIFFS' INTENT TO WITHDRAW FROM SETTLEMENT WITH DEFENDANTS**

1

# INTRODUCTION

Pursuant to this Court's order dated December 10, 2020 (ECF No. 298), Indirect Purchaser Plaintiffs ("IPPs") respectfully submit their intent to withdraw from the Settlement Agreements ("Agreements") between IPPs and Defendants Masonite[1] and JELD-WEN[2] (together, "Defendants"). IPPs moved this Court to grant preliminary approval of the Agreements and conditionally certify the settlement class on September 14, 2020. ECF No. 224. Co-Lead Counsel, on behalf of IPPs ("Co-Lead Counsel") submit that withdrawal from the settlement with Defendants is in the best interest of the proposed Class.

## I. DISCUSSION

IPPs and Defendants reached a settlement which was memorialized in the Agreements executed on September 4, 2020. *See* ECF No. 225, pp. 2–3. Co-Lead Counsel set forth in preliminary approval papers the reasons they believed the Agreements were fair, reasonable, and adequate. On December 10, 2020, this Court issued a detailed opinion (ECF No. 298) raising concerns regarding the Agreements between IPPs and Defendants. The Court noted that there was credible evidence of Defendants' misconduct, lockstep price increases, and multiple opportunities for collusion between Defendants. In particular, the Court expressed its skepticism that the settlement amount was deeply-discounted compared to the $206.1M in damages articulated by the expert report.[3] *See* ECF No. 298, p. 13; *see also In re: High-Tech Employee Antitrust Litig.*, Case No. 11-CV-02509-LHK, 2014 WL 3917126, at *4, *6–*15 (N.D. Cal. Aug.

---

[1] Masonite International Corporation ("Masonite").
[2] JELD-WEN, Inc. ("JELD-WEN").
[3] Prior to its written opinion, the Court had expressed similar concerns about the Agreement at two separate public hearings. *See* ECF No. 268 (Minute Entry for Preliminary Approval Hearing held on October 8, 2020) and ECF No. 291 (Minute Entry for Hearing on Jurisdiction held on October 19, 2020).

8, 2014) (finding the total amount of a proposed settlement fell below the range of reasonableness, stressing the compelling evidence against defendants among other factors).

Co-Lead Counsel's duty is first and foremost to the Class. *See In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 706 (E.D. Mo. 2002) ("Class counsel's overriding duty is to the plaintiff class, and their objective is to act in the best interests of the class as a whole."); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (recognizing the fiduciary duty owed the class during settlement); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed."). Furthermore, Federal Rule of Civil Procedure 23 requires that counsel obtain this Court's approval for any settlement. Fed. R. Civ. P. 23(e).

After thorough consideration of the points raised by this Court in conjunction with the terms of the Agreements, Co-Lead Counsel believes it would prove challenging to adequately address the Court's concerns raised in its December 10 opinion in a manner that would allow the Court to grant final approval of the Agreements. This is especially true given the strong likelihood that objectors will contest this settlement as frequently occurs.

## II.    CONCLUSION

For the foregoing reasons, IPPs respectfully request that the Court consider their request to withdraw from the Settlement Agreements.


Dated:  December 23, 2020                    Respectfully submitted,

                                                                     INDIRECT PURCHASER PLAINTIFFS

/s/ _____
Conrad M. Shumadine (VSB #4325)
**WILLCOX & SAVAGE, P.C.**
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Tel: (757) 628-5500
Fax: (757) 628-5566
Email: cshumadine@wilsav.com

*Interim Liaison Counsel for the Indirect Purchaser Plaintiffs*

| | |
|---|---|
| Daniel E. Gustafson | Joseph R. Saveri |
| Daniel C. Hedlund | Steven N. Williams |
| Michelle J. Looby | Gwendolyn Giblin |
| Kaitlyn L. Dennis | Katharine Malone |
| **GUSTAFSON GLUEK PLLC** | Kyle P. Quackenbush |
| 120 South 6th Street, Suite 2600 | **JOSEPH SAVERI LAW FIRM** |
| Minneapolis, MN 55402 | 601 California Street, Suite 1000 |
| Tel: (612) 333-8844 | San Francisco, CA 94108 |
| Fax: (612) 339-6622 | Tel: (415) 500-6800 |
| Email: dgustafson@gustafsongluek.com | Fax: (415) 395-9940 |
| dhedlund@gustafsongluek.com | Email: jsaveri@saverilawfirm.com |
| mlooby@gustafsongluek.com | swilliams@saverilawfirm.com |
| kdennis@gustafsongluek.com | ggiblin@saverilawfirm.com |
| | kmalone@saverilawfirm.com |
| | kquackenbush@saverilawfirm.com |

William V. Reiss
Adam C. Mendel
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Tel: (212) 980-7400
Fax: (212) 980-7499
Email: WReiss@RobinsKaplan.com
AMendel@RobinsKaplan.com

*Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2020, a copy of the foregoing document was filed electronically on the Court's Electronic Case Filing (ECF) system. A Notice of Electronic Filing (NEF) will be sent by operation of the Court's ECF system to the filing party, the assigned Judge, and any registered user in the case as indicated on the NEF. To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

*/s/*
Conrad M. Shumadine
VSB #4325
**Willcox & Savage, P.C.**
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
cshumadine@wilsav.com

*Interim Liaison Counsel for the Indirect Purchaser Plaintiffs*