**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION** | **Lead Case 3:18-cv-00850-JAG** |

**MEMORANDUM IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' REQUEST TO WITHDRAW FROM SETTLEMENT WITH DEFENDANTS**

## INTRODUCTION

Pursuant to this Court's Order dated December 29, 2020 (ECF No. 309), Indirect Purchaser Plaintiffs ("IPPs") respectfully submit this memorandum in support of their request to withdraw from the September 4, 2020 Settlement Agreement ("Settlement") entered into between IPPs and Defendants Masonite International Corporation and JELD-WEN, Inc. (together, "Defendants"). Co-Lead Counsel, on behalf of IPPs, submit that, given expressions of concern made by the Court regarding the Settlement, it would be in the best interest of the Class to permit IPPs to withdraw from the settlement with Defendants and to proceed with the further litigation of this case.

## DISCUSSION

Co-Lead Counsel set forth in their preliminary approval papers the reasons they believed the Settlement was fair, reasonable, and adequate. ECF 225. As with all class actions, however, this case "may be settled . . . only with the [C]ourt's approval." Fed. R. Civ. P. 23(e); *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 236 (2d Cir. 2016) (explaining that where a class settlement is rejected under Rule 23, "the settlement and release that resulted . . . are nullities.").

After careful consideration of the motion for preliminary approval, which included a hearing on the matter, the Court issued a detailed opinion in which it expressed significant reservations about whether the Settlement "fall[s] within the range of [an] adequate, fair resolution[] of the case[]."[1] ECF No. 298. In articulating its concerns, the Court emphasized that

---

[1] Prior to this opinion, the Court had expressed similar concerns about the Settlement at two separate public hearings. *See* ECF No. 268 (Minute Entry for Preliminary Approval Hearing held on October 8, 2020) and ECF No. 291 (Minute Entry for Hearing on Jurisdiction held on October 19, 2020).

it "finds some terms of the settlement[] hard to stomach." ECF No. 298 at 13. The Court noted that the $19.5 million settlement amount "reflect[s] a dramatic reduction" of the "enormous damages" calculated by IPPs' expert in light of the "credible evidence of misconduct" presented by IPPs. *Id*. at 13. Specifically, the Court observed that IPPs "have shown lockstep price increases," which it characterized as "astounding", and noted that Defendants had "multiple opportunities for collusion." *Id.* The Court refrained from entering a formal order preliminarily approving the Settlement. Instead, it invited the parties to notify it whether any of them intended to withdraw from the Settlement and offered to schedule a hearing on the issue.[2] *Id*. at 14.

After thorough consideration, Co-Lead Counsel believe it would prove difficult to secure final approval of the Settlement for the reasons previously expressed by the Court. *See, e.g., In re: High-Tech Employee Antitrust Litig.,* No. 11-CV-02509-LHK, 2014 WL 3917126, at *4, *6–15 (N.D. Cal. Aug. 8, 2014) (declining to grant preliminary approval of settlement based on its determination that the total amount of the proposed settlement fell below the range of reasonableness in light of the compelling evidence against defendants).[3] This is particularly true given the possibility that objectors will contest this settlement. *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1259 (S.D. Fla. 2016) ("Courts around the country routinely have to address objections filed by objectors to class action settlements."). Accordingly, if the Court grants

---

[2] That hearing is presently scheduled for January 25, 2021. ECF No. 309.
[3] As Judge Koh's decision in the *High-Tech Employee Antitrust Litigation* demonstrates, a district court has wide discretion to deny preliminary approval where it believes the settlement agreement falls below the range of reasonableness in light of the facts of the case. *See In re High-Tech Employee Antitrust Litig.,* No. 11-cv-2509, 2015 WL 5159441, at *7–8 (N.D. Cal. Sept. 2, 2015) (after denying preliminary approval of $324.5 million settlement agreement, granting final approval of renegotiated $415 million settlement); *see also In re Facebook Biometric Info. Privacy Litig.*, No. 15-CV-03747-JD, 2020 WL 4818608, at *2 (N.D. Cal. Aug. 19, 2020) (denying preliminary approval of initial settlement "for multiple reasons, including concerns about an unduly steep discount on statutory damages," which resulted in a renegotiated settlement increasing the settlement amount by $100 million).

preliminary approval of the Settlement, IPPs will be required to issue notice which will require several months and several hundred thousand dollars (money that would otherwise go to the proposed Class) for a settlement about which this Court has already expressed serious concerns.

As fiduciaries to the proposed Class, the Court and Co-Lead Counsel have a paramount duty to act in the best interest of the proposed Class as a whole. *See In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 706 (E.D. Mo. 2002) ("Class counsel's overriding duty is to the plaintiff class, and their objective is to act in the best interests of the class as a whole."); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (recognizing the fiduciary duty owed the class during settlement). "Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995).

Co-Lead Counsel's fiduciary obligation to secure the best possible recovery for the proposed Class constrains them from continuing to advocate for a settlement that may not "fall within the range of [an] adequate, fair resolution[] of the case[]." ECF No. 298 at 13.

## CONCLUSION

For the reasons set forth herein, IPPs request that the Court permit them to withdraw from the Settlement.

Dated:  January 11, 2021                    Respectfully submitted,

                                           INDIRECT PURCHASER PLAINTIFFS

                                           /s/ _____

                                                    Conrad M. Shumadine (VSB #4325)
                                                    **WILLCOX & SAVAGE, P.C.**
                                                    440 Monticello Avenue, Suite 2200
                                                    Norfolk, Virginia 23510
                                                    Tel: (757) 628-5500
                                                    Fax: (757) 628-5566
                                                    Email: cshumadine@wilsav.com

                                                    *Interim Liaison Counsel for the Indirect*
                                                    *Purchaser Plaintiffs*

| | |
|---|---|
| Daniel E. Gustafson | Joseph R. Saveri |
| Daniel C. Hedlund | Steven N. Williams |
| Michelle J. Looby | Kyle P. Quackenbush |
| Kaitlyn L. Dennis | **JOSEPH SAVERI LAW FIRM** |
| **GUSTAFSON GLUEK PLLC** | 601 California Street, Suite 1000 |
| 120 South 6th Street, Suite 2600 | San Francisco, CA 94108 |
| Minneapolis, MN 55402 | Tel: (415) 500-6800 |
| Tel: (612) 333-8844 | Fax: (415) 395-9940 |
| Fax: (612) 339-6622 | Email: jsaveri@saverilawfirm.com |
| Email: dgustafson@gustafsongluek.com |         swilliams@saverilawfirm.com |
|        dhedlund@gustafsongluek.com |         kquackenbush@saverilawfirm.com |
|        mlooby@gustafsongluek.com | |
|        kdennis@gustafsongluek.com | |

William V. Reiss
Adam C. Mendel
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Tel: (212) 980-7400
Fax: (212) 980-7499
Email: WReiss@RobinsKaplan.com
       AMendel@RobinsKaplan.com


                      *Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2021, a copy of the foregoing document was filed electronically on the Court's Electronic Case Filing (ECF) system. A Notice of Electronic Filing (NEF) will be sent by operation of the Court's ECF system to the filing party, the assigned Judge, and any registered user in the case as indicated on the NEF. To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

>/s/
>Conrad M. Shumadine
>VSB #4325
>**Willcox & Savage, P.C.**
>440 Monticello Avenue, Suite 2200
>Norfolk, VA 23510
>Telephone: (757) 628-5500
>Facsimile: (757) 628-5566
>cshumadine@wilsav.com
>
>*Interim Liaison Counsel for the Indirect Purchaser Plaintiffs*