UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Case 3:18-cv-00850-JAG |

**ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANTS AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS**

Upon review and consideration of the Settlement Agreement entered into by Plaintiffs, on behalf of the proposed class of indirect purchaser plaintiffs ("Indirect Purchaser Plaintiffs") and Defendants Masonite[1] and JELD-WEN[2] ("Defendants") dated September 4, 2020 (the "Settlement Agreement"), and the Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants and for Conditional Certification of the Proposed Settlement Class (the "Motion") (ECF No. 224), and their Memorandum of Law in Support thereof (ECF No. 225) and the Declaration of Hollis L. Salzman in Support thereof and attached Exhibits 1–2 (ECF Nos. 226, 226-1, 226-2), and the October 8, 2020 hearing on the Motion, any other materials filed in connection with the Motion, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Motion is **GRANTED**.

2. Unless otherwise set forth herein, all defined terms herein shall have the same meaning as ascribed to them in the Settlement Agreement.

3. This Court has subject matter jurisdiction over this case and has jurisdiction over

---

[1] Masonite Corporation ("Masonite").
[2] JELD-WEN, Inc. ("JELD-WEN").

1

this action and each of the representative class Plaintiffs and Defendants.

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(1)(B), this Court provisionally certifies a Settlement Class defined as follows:

> All persons and entities that, during the Settlement Class Period, indirectly purchased one or more Standalone Interior Molded Doors in the Indirect Purchaser States, that were manufactured or sold by either Defendant, not for resale. Excluded from the Settlement Class are the following:
>
> > (a) The officers, directors or employees of any Defendant;
> >
> > (b) Any entity in which any Defendant has a controlling interest, and any affiliate;
> >
> > (c) Legal representatives, heirs, or assigns of any Defendant; and
> >
> > (d) Purchasers of Standalone Interior Molded Doors directly from Menards.

This Settlement Class definition is the same class set forth in the Settlement Agreement. *See* Settlement Agreement, ¶ 17.

5. The Settlement Class has hundreds of thousands of members geographically dispersed throughout the United States in the Indirect Purchaser States, i.e., Arizona, Arkansas, California, Florida, Hawaii, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New York, North Carolina, North Dakota, Oregon, South Carolina Tennessee, Utah, West Virginia, and Wisconsin. *See* Settlement Agreement, ¶ 8. Pursuant to Rule 23(a)(1), the Court determines that solely for the purposes of the settlement that the Settlement Class is so numerous that joinder of all members is impracticable.

6. Pursuant to Rule 23(c)(1)(B), the Court determines in connection with and solely for purposes of the settlement that the following issues relating to claims and/or defenses present common, class-wide questions:

    a. Whether the Defendants' conduct challenged by IPPs as anticompetitive in the Complaint constitutes a violation of state antitrust and consumer protection laws; and

    b. Whether Defendants' challenged conduct caused injury-in-fact to the Settlement Class, in the nature of overcharges paid by Settlement Class Members for Interior Molded Doors.

7. The Court determines that solely for purposes of the settlement that the foregoing classwide issues relating to claims and/or defenses present questions of law or fact common to the Settlement Class that satisfy Rule 23(a)(2).

8. The Plaintiffs, as defined in Paragraph 11 of the Settlement Agreement, are hereby appointed as representatives of the Settlement Class for the following reasons:

    a. The Plaintiffs allege on behalf of the Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and the Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class. The Court therefore determines that solely for purposes of the settlement that the Plaintiffs' claims are typical of the claims of the Settlement Class within the meaning of Rule 23(a)(3); and

    b. Pursuant to Rule 23(a)(4), the Court determines in connection with and solely for the purposes of this settlement that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class. The Plaintiffs' interests in connection with settlement do not conflict with the interests of absent members of the Settlement Class. All of the Settlement Class Members share a common interest in proving the Defendants' alleged anticompetitive

conduct, and all the Settlement Class Members share a common interest in recovering the overcharge damages sought in the Complaint. The Court further determines that Interim Co-Lead Class Counsel are well-qualified to represent the Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

9. Pursuant to Rule 23(b)(3), the Court determines in connection with and solely for the purposes of this settlement that common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof. *See Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 133 S. Ct. 1184, 1196 (2013); *see also Am. Sales Co. v. Pfizer, Inc.*, No. 2:14-cv-361, 2017 WL 3669604, at *13 (E.D. Va. July 28, 2017), *report and recommendation adopted*, No. 2:14-cv-361, 2017 WL 3669097 (E.D. Va. Aug. 24, 2017) ("Courts deciding whether to certify a class . . . frequently find that common questions of fact and law will predominate when there has been an alleged violation of antitrust law.").

10. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. While manageability is not a concern in determining whether to certify a proposed settlement class, the Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the settlement approved in this Order.

11. Nothing in this Order shall prejudice Defendants' ability to contest the propriety of any class under Rule 23 for purposes of litigation.

12. Pursuant to Rule 23(g), Robins Kaplan LLP, Gustafson Gluek PLLC, and Joseph Saveri Law Firm are appointed Settlement Class Counsel, and Willcox & Savage, P.C.is appointed Liaison Counsel for the Settlement Class. These firms have, and will, fairly and competently represent the interests of the Settlement Class.

13. Upon review of the record, the Court preliminarily finds that the proposed Settlement Agreement, which, *inter alia*, dismisses the Action against Defendants with prejudice and defines the Released Claims by the Settlement Class, is sufficiently fair, reasonable, and adequate, in the best interests of the members of the Settlement Class and one that responsible and highly experienced counsel could accept considering all relevant risks and factors of litigation, and arrived at by arm's-length negotiations.

14. In the event the Settlement Agreement is terminated in accordance with its provisions, (a) the settlement and all related proceedings shall become null and void and have no further force and effect; (b) IPPs shall retain full rights to assert any and all causes of action against Defendants and any other party that would have been a released party had the Settlement Agreement not been terminated; and (c) Defendants and any other parties that would have been Releasees had the Settlement Agreement not been terminated shall retain any and all defenses and counterclaims. In the event of termination, this Action shall revert forthwith to its procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement had not been executed by Indirect Purchaser Plaintiffs and Defendants.

15. Neither this Order nor the Settlement Agreement nor any other settlement-related

document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against Defendants or as to any liability of Defendants or as to any matter set forth in this Order.

16. All proceedings in this Action against Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement Agreement and, if it approves the Settlement Agreement, enters final judgment and dismisses the Action against Defendants with prejudice.

17. Prior to the hearing to be held by the Court to determine whether the Settlement Agreement is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Fairness Hearing"), Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice are addressed in a separate Order in connection with IPPs' Motion to Disseminate Notice and Proposed Claim Form to the Indirect Purchaser Plaintiff Settlement Class (ECF No. 296).

18. The Court approves the establishment of escrow accounts under the Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to

expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

                SO ORDERED this \_\_\_5\_\_ day of \_\_\_February\_\_\_, 2021.

                                      Hon. John A. Gibney
                                      United States District Judge