UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Case 3:18-cv-00850-JAG |

**ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

Settlement Class Counsel has filed their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards to the Class Representatives ("Motion").

The Court has reviewed the memorandum submitted by Settlement Class Counsel in support of their Motion and has also reviewed all of the declarations and submissions relating to the Motion filed with the Court. Pursuant to notice given to the Settlement Class in accordance with the Court's February 5, 2021, Order (ECF No. 341), the Court held a Fairness Hearing on July 26, 2021 to consider the Motion.[1]

Based on the entire record of these proceedings and in consideration of all of the submissions and filings made with respect to Settlement Class Counsel's application, and good cause appearing therefore,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The Court has considered the submissions of the parties and the relevant case law and authority relating to the Motion and concludes that an award of attorneys' fees, reimbursement of expenses, and service awards are appropriate under Federal Rules of Civil

---

[1] Unless otherwise set forth herein, all defined terms shall have the same meaning as set forth in the Motion.

1

Procedure 23(h) and 54(d)(2). Notice of the Motion was provided to the potential Settlement Class Members pursuant to, and in compliance with, the Court's February 5, 2021 order (ECF No. 341) by direct and published notice and a settlement website that identified and made available for inspection the Court's long-form notice and filings in this litigation. The notice given regarding the Motion fully satisfied the requirements of Rule 23 and constitutional due process.

3. The Court has considered the reaction of Settlement Class Members to the request for attorneys' fees, reimbursement of costs and expenses and service awards for the Class Representatives (the "Request"). Of the Settlement Class Members who were given notice or who were made aware of the Settlement and the Request, the Court received no objections.

4. The Court engages in a two-part analysis when assessing the reasonableness of a petition seeking an award of attorneys' fees to be paid out of the proceeds of a class action settlement. *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 575 (E.D. Va. 2016). The Court first determines the method of calculating the attorneys' fees: it applies either the percentage-of-the-fund approach or the lodestar/multiplier method. *Id.* "District Courts within [the Fourth] Circuit have . . . favored the percentage method." *Manuel v. Wells Fargo Bank, N.A.*, No. 14-cv-238, 2016 WL 1070819, at *5 (E.D. Va. Mar. 15, 2016); *see also Strang v. JHM Mortg. Sec. Ltd. P'ship.*, 890 F. Supp. 499, 502 (E.D. Va. 1995) ("Although the Fourth Circuit has not yet ruled on this issue, the current trend among the courts of appeal favors the use of a percentage method to calculate an award of attorneys' fees in common fund cases."). In common fund cases, whichever method is used, the award of attorneys' fees need only be "reasonable." *Id.*

5. The Court analyzed and weighed the following six factors described in *In re Genworth Fin. Secs. Litig.*, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016) (Gibney, J.): "(1) the result

obtained for the class; (2) the presence or absence of substantial objections by members of the class to the fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by the plaintiffs' counsel; and (7) awards in similar cases." Some district courts in the Fourth Circuit apply a slightly different version of this standard, replacing the sixth factor with public policy considerations. *Hooker v. Sirius XM Radio, Inc.*, No. 13-cv-003, 2017 WL 4484258, at *6 (E.D. Va. May 11, 2017). The Court analyzed and weighed this factor as well. Each of these factors supports Settlement Class Counsel's fee request here.

6.   The Settlement with Defendants JELD-WEN, Inc. and Masonite Corporation (together, "Defendants") totals $19,500,000 and provides a meaningful recovery to the Settlement Class. Settlement Class Counsel have represented that each Settlement Class Member that files a timely and valid claim should receive a minimum of $25.

7.   Courts in the Fourth Circuit recognize that "[i]ncentives for counsel to undertake worthy class action lawsuits are important because class actions serve to provide relief when it would be inefficient for an individual to pursue a claim." *Hooker*, 2017 WL 4484258, at *8. Indeed, "failing to fully compensate class counsel for the excellent work done and the various substantial risks taken would undermine society's interest in the private litigation of antitrust cases." *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV 208, 2013 WL 2155387, at *5 (E.D. Tenn. May 17, 2013). The substantial recovery obtained by IPP Class Counsel to date serves the strong public policy of holding accountable those who violate the antitrust laws, thereby promoting fair competition and honest pricing.

8.   IPP Class Counsel have worked on a contingent basis and the results of this litigation have never been certain. The legal and factual issues in this litigation are complex and

3

the parties have zealously asserted their claims and defenses. IPPs have asserted a number of claims under both federal and state antitrust laws, as well as state consumer protection and unjust enrichment laws. Likewise, issues attendant to class certification compound the complexity of this case.

9. The Court will award fees to Settlement Class Counsel using the percentage-of-the-fund approach. This method of awarding attorneys' fees is preferred because it aligns the interests of class counsel with the class. It does so by tying attorney's fees to the result achieved, rather than hours expended by the attorneys. *Thomas v. FTS USA, LLC*, No. 13-cv-825, 2017 WL 1148283, at *3 (E.D. Va. Jan. 9, 2017), *report and recommendation adopted*, 2017 WL 1147460 (E.D. Va. Mar. 27, 2017); *see also Deem v. Ames True Temper, Inc.*, No. 6:10-CV-01339, 2013 WL 2285972, at *5 (S.D.W. Va. May 23, 2013) ("The percentage method 'is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure.'" (quoting *In re Prudential Ins. Co. Am. Sales Litig.*, 148 F.3d 283, 333 (3d Cir. 1998)).

10. The Court is satisfied that the Settlement was the result of arm's-length negotiations conducted in good faith by informed and experienced counsel.

11. An analysis of the factors described above and a cross-check of the lodestar incurred by IPP Class Counsel confirm that IPP Class Counsel are entitled to appropriate compensation to take into account the risks they assumed, the magnitude of work done, and the benefits achieved for the members of the Settlement Class. Here, Settlement Class Counsel reviewed all IPP Class Counsel's time submissions received from the inception of the case on

February 8, 2018[2] through February 28, 2021, and included detailed information about the resulting lodestar in the Motion. IPP Class Counsels' lodestar in this litigation totals $13,607,313.00, from February 8, 2018 through February 28, 2021, calculated in accordance with IPP Class Counsel's historical rates. These rates are reasonable and justified given the length and complexity of this litigation and IPP Class Counsels' many years of experience in prosecuting complex antitrust class actions. Further, the Defendants in this action are represented by some of the most prominent antitrust defense lawyers in the world. IPP Class Counsels' hourly rates are also well in line with the market, with recent reports explaining that senior lawyers at top law firms routinely charge well over $1,000. *See* Sara Randazzo & Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 an Hour*, WALL ST. J.(Feb. 9, 2016), https://www.wsj.com/articles/legalfees- reach-new-pinnacle-1-500-anhour-1454960708 ("Despite low inflation and weak demand for legal services, rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn").

12. Accordingly, the Court **GRANTS** an award of attorneys' fees to Settlement Class Counsel of $5,850,000, equal to 30% of the $19,500,000 Settlement Fund, plus interest earned thereon to be paid from the Settlement Fund. The award requested is within the range regularly approved in other class actions, including this District. *See Brown* , 318 F.R.D. at 578 (awarding attorneys' fees of approximately 48% of the settlement fund, which with expenses totaled half the $1,350,000 settlement fund); *In re Star Scientific, Inc. Secs. Litig.*, No. 3:13-cv-0183, 2015 WL 13821326 (E.D. Va. June 26, 2015) (Gibney, J.) (awarding attorneys' fees of one third of $5,900,000 settlement fund); *Kirven v. Cent. States Health & Life Co.*, No. 11-cv-2149, 2015

---

[2] "Inception" refers to February 8, 2018, the date upon which IPP Class Counsel first began investigating the claims at issue in this litigation.

WL 1314086, at *13 (D.S.C. Mar. 23, 2015) (awarding attorneys' fees of one third of approximately $510,000 settlement fund); *Deem*, 2013 WL 2285972, at *7 (awarding attorneys' fees of one third of $405,000 settlement fund); *see also Seaman v. Duke Univ.*, No. 1:15-CV-462, 2019 WL 4674758 (M.D.N.C. Sept. 25, 2019) (antitrust case; awarding attorneys' fees of one third of the settlement fund); *In re Titanium Dioxide Antitrust Litig.*, No. 10-cv-0318, 2013 WL 6577029 (D. Md. Dec. 13, 2013) (same).[3]

13. Using the lodestar/multiplier cross-check methodology and reviewing the total fees awarded against the lodestar generated on this case from February 8, 2018 to February 28, 2021, the 30% fee awarded results in an overall lodestar/multiplier of approximately .43. Such a multiplier is substantially below the range of reasonable multipliers awarded in similar contingent fee cases, and reflects a significant discount off of IPP Class Counsel's billing rates. In fact, "District Courts within the Fourth Circuit have regularly approved attorneys' fees awards with 2-3 times lodestar multipliers." *See In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d at 845 (applying a 1.97 multiplier); *Brown*, 318 F.R.D. at 578 (observing that "recent cases in the Eastern District of Virginia shows that courts have awarded fees that included 'multipliers' of at or greater than two"); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) ("The range of multipliers on large and complicated class actions have ranged from at least 2.26 to 4.5.").

---

[3] Courts outside the Fourth Circuit routinely award settlement class counsel 30% or more of the settlement fund in attorneys' fees in antitrust class actions. *See, e.g., In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473 (E.D. Mich. 2015) (antitrust case; awarding one-third of $19 million settlement fund); *In re Iowa Ready-Mix Concrete Antitrust Litig.*, No. 10-cv-4038, 2011 WL 5547159 (N.D. Iowa Nov. 9, 2011) (antitrust case; awarding approximately 36% of $18.5 million settlement fund).

14. Courts routinely grant attorneys' fees of 30% or more of the settlement amount where the lodestar crosscheck reveals that the cumulative lodestar is greater than the fee award. *See, e.g., Brown*, 318 F.R.D. at 578 (awarding half of the settlement fund in attorneys' fees and expenses where "Class Counsel's requested fee represents a negative multiplier of 0.77"); *Carroll v. Stettler*, No. 10-2262, 2011 WL 5008361, at *8 (E.D. Pa. Oct. 19, 2011) (recognizing that "[a] lodestar multiplier of less than one reveals that the fee request constitutes only a fraction of the work that the attorneys billed and is within the accepted range" and awarding one third of the settlement fund in attorneys' fees); *In re Blech Sec. Litig.*, No. 94 Civ. 7696, 2002 U.S. Dist. LEXIS 23170, at *5 (S.D.N.Y. Nov. 27, 2002) (awarding one third of the settlement fund in attorneys' fees where "[t]he fee requested is less than the cumulative lodestar").

15. Settlement Class Counsel also request reimbursement of $3,511,815.63 in costs and expenses that IPP Class Counsel incurred in prosecuting this litigation from February 8, 2018 through March 31, 2021. Having reviewed IPP Class Counsel's detailed submissions, the Court finds that IPP Class Counsel's costs and expenses were reasonably incurred. *See In re Genworth Fin. Secs. Litig.*, 210 F. Supp. 3d at 845-46 (approving costs related to experts, travel, court reports, and electronic discovery); *Singleton*, 976 F. Supp. 2d at 689 (awarding reimbursement for filing fees, travel costs, and copies).

16. Accordingly, the Court **GRANTS** Settlement Class Counsel's request for reimbursement of costs and expenses in the amount of $3,511,815.63 to be paid from the Settlement Fund.

17. Settlement Class Counsel have also requested that each of the 28 Class Representatives listed in Paragraph 11 of the Settlement Agreement receive $1,000 in service awards totaling $28,000. These Class Representatives include: (1) Margaret Preece; (2) Trinidad

Corona; (3) Melanie Lopez; (4) Robyn Adler; (5) John Van Horn; (6) Marty Fahncke; (7) Richard Ranalli; (8) Kenneth Dallamora; (9) Brenda Massey; (10) Allison Dellatore; (11) Larry Day Fox; (12) Patricia Olson; (13) Chris Best; (14) Julie Whalen; (15) Nigel Gay; (16) Geoffrey Hurdle; (17) Ronald Kade Asay; (18) Carlisle Construction Company, LLC; (19) Juan the Builder, Inc.; (20) EventHost, Inc. d/b/a National Builders; (21) Heller General Contracting; (22) Arteva Construction, LLC; (23) Sawbill Companies, Inc.; (24) Orange Construction Solutions, Inc.; (25) Mountain Top Customs, LLC d/b/a Mountain Top Custom Construction; (26) Collin Salazar Real Estate LLC; (27) Albert Magnone Contracting & Remodeling; and (28) Aker Custom Carpentry, Inc.

18. Notice that IPPs would request service awards for the Class Representatives totaling no more than $56,000 was included in the published notice given to the Settlement Class. Settlement Class Counsel have requested $28,000 in total service awards, which is equal to approximately .14% of the Settlement Fund. *See Sims v. BB&T Corp.*, No. 1:15-cv-0732, 2019 WL 1993519, at *4-*5 (M.D.N.C. May 6, 2019) (awarding approximately .83% of the settlement fund in service awards); *Kirven*, 2015 WL 1314086, at *13 (1.48%); *Deem*, 2013 WL 2285972, at *7 (5.56%); *Brown*, 318 F.R.D. at 578 (.23% of $1,350,000 settlement).

19. Courts in the Fourth Circuit have noted that service awards are typically awarded to class representatives to "compensate Plaintiffs for their additional efforts, risks, and hardships they have undertaken as class representatives on behalf of the group in filing and prosecuting the action." *Faile v. Lancaster Cty.*, No. 10-cv-2809, 2012 U.S. Dist. LEXIS 189610, at *41 (D.S.C. Mar. 8, 2012). Service awards encourage members of a class to become class representatives and reward their efforts taken on behalf of the class. *Muhammad v. Nat'l City Mortg., Inc.*, No. 2:07-cv-0423, 2008 WL 5377783, at *9 (S.D.W. Va. Dec. 19, 2008) ("Class members would have

received nothing had [the plaintiff] not been willing to step up and file this action. [The plaintiff] gave his time and effort to prosecute the case."). Payment of service awards to class representatives is a reasonable use of settlement funds. District courts in this Circuit have approved service awards of up to $125,000 for plaintiff class representatives for providing information to class counsel, receiving and approving pleadings, assisting in discovery, and participating in settlement discussions. *See Seaman*, 2019 WL 4674758, at *7 (awarding service award to class representative who "devoted many hours of her time advancing this litigation by participating in litigation strategy, discovery, settlement negotiations, and mediation"). Further, the aggregate amount of service awards requested here, $28,000, is well within the aggregate amount regularly approved by courts within this Circuit. *See Sims v. BB&T Corp.*, 2019 WL 1993519, at *4-*5 (awarding a total of $200,000 to ten class representatives out of $24 million settlement fund); *In re Titanium Dioxide Antitrust Litig.*, 2013 WL 6577029, at *1 (one class representative awarded $125,000 and two class representatives awarded $25,000 each).

20. After reviewing the request for service awards, the Court finds that the awards requested are reasonable. Here, each class representative responded to Defendants' discovery requests, including multiple rounds of interrogatories and requests for production. Doing so required them to search their records and locate documents responsive to Defendants' request. Additionally, each class representative was deposed as part of this litigation.

9

21. These service awards, totaling $28,000, shall be paid from the Settlement Fund. The class representatives are to receive these awards in addition to any distributions as part of the Settlement Fund to which they may be entitled.

**SO ORDERED.**

BY THE COURT:

27 Jul 2021   /s/

The Honorable John A. Gibney, Jr., U.S.D.J.
United States District Judge

10